IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THE PROCTER & GAMBLE COMPANY and HOFFMANN-LA ROCHE INC.,<br><br>Plaintiffs,<br><br>v.<br><br>TEVA PHARMACEUTICALS USA, INC.,<br><br>Defendant. | C.A. No. 08-627-JJF |
| THE PROCTER & GAMBLE COMPANY and HOFFMANN-LA ROCHE INC.,<br><br>Plaintiffs,<br><br>v.<br><br>APOTEX, INC. AND APOTEX CORP.,<br><br>Defendants. | C.A. No. 09-143-JJF<br>(consolidated with C.A. No. 08-627-JJF for pretrial purposes) |

**DEFENDANTS' APOTEX INC.'S AND APOTEX CORP.'S
OPPOSITION TO PLAINTIFFS' MOTION TO SUBSTITUTE PARTIES PURSUANT
TO FED.R.CIV.P. 25(C) AND SEEKING LEAVE TO FILE AMENDED COMPLAINTS
PURSUANT TO FED.R.CIV.P. 15(a)(2)**

Richard W. Riley (DE #4052)
DUANE MORRIS LLP
1100 N. Market St., Suite 1200
Wilmington, Delaware 19801
Phone: 302-657-4900
Fax: 302-657-4901

*Counsel for Defendants
Apotex Inc. and Apotex Corp.*

*Of Counsel*

Steven E. Feldman
Louise T. Walsh
Hartwell P. Morse, III
Sherry L. Rollo
HUSCH BLACKWELL SANDERS
WELSH & KATZ, LLP
120 S. Riverside Plaza – Suite 2200
Chicago, Illinois 60606
Phone: 312-655-1500
Fax: 312-655-1501


Dated: July 1, 2010

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................................................ ii

I.    ARGUMENT ......................................................................................................................... 3

    A.    RULE 25(C) DOES NOT REQUIRE A SUBSTITUTION OF PARTIES, AND SUBSTITUTION IS NOT WARRANTED HERE ........................................................................................ 3

CONCLUSION ............................................................................................................................. 5

# TABLE OF AUTHORITIES

### CASES

*Federal Deposit Insurance Corp. v. Tisch,*
  89 F.R.D. 446 (E.D.N.Y. 1981) .................................................................................. 3

*Hyatt Chalet Motels, Inc. v. Salem Bldg. & Constr. Trades Counsel,*
  298 F. Supp. 699 (D. Or. 1968) .................................................................................. 4

*Mars, Inc. v. JCM American Corp.,*
  2007 WL 776786 (D. N. J. March 9, 2007) ................................................................ 3

*Otis Clapp & Son v. Filmore Vitamin Co.,*
  754 F.2d 738 (7th Cir. Ill. 1985) ................................................................................ 3

*PP Inc. v. McGuire,*
  509 F. Supp. 1079 (D.N.J. 1991) ................................................................................ 4

### RULES

Fed.R.Civ.P. 15(a)(2) .................................................................................................. 1, 5

Fed.R.Civ.P. 25 ........................................................................................................ 1, 3, 5

Fed.R.Civ.P. 25(c) ........................................................................................................ 3, 5

### CONSTITUTIONAL PROVISIONS

7A Wright and Miller, Federal Practice and Procedure § 1958 .................................... 3

Plaintiff The Procter & Gamble Company's ("P&G") Motion to Substitute Parities Pursuant to Fed.R.Civ.P. 25 and Seeking Leave to File Amended Complaints Pursuant to Fed.R.Civ.P. 15(a)(2) ("Motion to Substitute Parties") (D.I. 69) so it can substitute Warner-Chilcott ("WC") for P&G as a plaintiff/counter-defendant in this action should be denied. To be clear, Apotex does not oppose adding WC as a plaintiff to this action. What it does object to is allowing P&G to depart this litigation with its discovery obligations still unmet and without any recourse if Apotex is in fact prejudiced by that departure by, for example, Apotex's inability to obtain necessary discovery or to compel witness attendance at trial.

There still is substantial discovery outstanding from P&G, including core documents relating to its development of a once monthly risedronate product that is at the heart of this litigation, and which Apotex has been requesting since early November, 2009. P&G also has not provided substantive responses to interrogatories that were served on it months ago. This outstanding discovery is the subject of Apotex's recently filed motion to compel discovery. It would be highly prejudicial to Apotex to permit P&G to depart this litigation with its discovery obligations still unmet. Given P&G's discovery recalcitrance to date as a party to this litigation, there is no reason to think it will be more cooperative as a third party, if it is allowed to depart this litigation in favor of WC.

P&G also has not identified which employees with relevant knowledge of the development and marketing of its risedronate product have moved on to WC and which have stayed at P&G. Thus, if Apotex needs access to certain knowledgeable employees who remained at P&G or needs to compel their attendance at trial, it will be much more difficult if P&G is not a party to the litigation.

1

To make matters worse, P&G has refused to even provide relevant documents pertaining to WC's purchase of P&G's pharmaceutical unit that would enable Apotex to assess for itself the nature of this transaction and the extent to which rights and obligations were transferred. *See Apotex's Second Set of Requests for the Production of Documents and Things to The Procter & Gamble Company* attached hereto as **Exhibit A**; Letter from S. Rollo to A. Nunnally, dated February 2, 2010 attached hereto as **Exhibit B**. For example, P&G has refused to produce the P&G Disclosure Letter referenced in the Purchase Agreement. P&G's counsel admits it contains relevant information, but, according to P&G's counsel, it cannot be produced because it allegedly "does not convey the pertinent information about the transfer of relevant patent and license rights *in the most clear and straightforward manner.*" *See* e-mail from A. Nunnally to L. Walsh, H. Morse, and A. Pfeffer, dated 2/24/10 (emphasis added) attached hereto as **Exhibit C**. Without these documents it has been impossible for Apotex to fully assess the nature of the transaction and the effect on its ability to obtain necessary discovery and access to witnesses if P&G is permitted to depart this litigation.

Nevertheless, in a good faith effort to compromise and resolve this issue without Court intervention, Apotex proposed that any stipulation to substitute parties permit the Defendants to rejoin P&G to avoid any potential prejudice. (D.I. 70 at Ex. 3). This was especially appropriate given Plaintiffs refusal to provide the documents necessary to understand and verify the nature of the transaction between P&G and WC, and what those parties' respective rights and obligations are with respect to this litigation. Plaintiff flatly rejected Apotex's proposal. (D.I. 70 at Ex. 6). Thus, if Apotex is later prejudiced by the substitution of WC for P&G, it will have no recourse. That is not fair or proper under Fed. R. Civ. P. 25. Accordingly, Apotex requests that the Court

deny P&G's Motion to Substitute Parties and simply add WC as a party plaintiff to this litigation.

I. ARGUMENT

    A. **RULE 25(C) DOES NOT REQUIRE A SUBSTITUTION OF PARTIES, AND SUBSTITUTION IS NOT WARRANTED HERE**

Rule 25 does not require that WC be substituted for P&G just because Plaintiff represents there was a transfer of interest. Rule 25(c) provides that

> If an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party.

Fed.R.Civ.P. 25(c). *See also Otis Clapp & Son v. Filmore Vitamin Co.*, 754 F.2d 738, 743 (7th Cir. Ill. 1985) ("The most significant feature of Rule 25(c) is that it does not require that anything be done after an interest has been transferred.") (quoting 7A Wright and Miller, Federal Practice and Procedure § 1958, at 664-65); *Mars, Inc. v. JCM American Corp.*, 2007 WL 776786, *1 (D. N. J. March 9, 2007) ("Rule 25(c) does not require a party to take any action after an interest has been transferred). Rather, it is within the court's discretion to continue the action in its original posture, to order a substitution of the parties, or to join the transferee as a party. *Federal Deposit Insurance Corp. v. Tisch*, 89 F.R.D. 446, 447 (E.D.N.Y. 1981). The court determines which course of action to take by considering how the conduct of the litigation will be best facilitated. *Id.*

Here the Court should keep P&G as a party to ensure that Apotex is given full access to the discovery it needs, to ensure that P&G complies with its discovery obligations, and to ensure that Apotex is not prejudiced later in the case if it turns out it needs to compel the attendance at trial of a witness who is under P&G's rather than WC's control.

3

Plaintiff's argument that "[a]lthough the Court has discretion either to join or substitute a new transferee, the 'sounder course' is to substitute the transferee" ignores the facts of this particular litigation, where such substitution risks substantial prejudice to Apotex. To support this argument Plaintiff cites *PP Inc. v. McGuire,* 509 F. Supp. 1079, 1083 (D.N.J. 1991) and *Hyatt Chalet Motels, Inc. v. Salem Bldg. & Constr. Trades Counsel,* 298 F. Supp. 699, 704 (D. Or. 1968). *PP Inc.* involved a suit brought to recover under a promissory note. In that case, the plaintiff, a corporation, indorsed the promissory note over to the corporation's president and principal shareholder. The corporation subsequently sought to add the individual (now holder of the promissory note) to the litigation as a party. Because the corporation's interest in the note had been extinguished, the Court decided it was more appropriate to substitute the individual for the corporation rather than merely adding him as a party. The *PP Inc.* case is readily distinguished from the instant litigation. *PP Inc.* was a collection action involving a promissory note. Unlike the present case, in *PP Inc.*, there was no issue of prejudice to the defendants due to failure to comply with outstanding discovery obligations, and no indication that there might be issues concerning obtaining access to relevant documents or witnesses once that plaintiff had departed.

In the *Hyatt Chalet Motels* case cited by Plaintiff, the court determined that the transfer was really no more than a reorganization that "amounted to little more than a formal change of name, without a substantial change in operations or internal management." *Hyatt Chalet Motels,* 298 F. Supp. at 703. In that case, because the entity was really the same except for the different name, again there would be no issue of obtaining relevant discovery from one entity as opposed to the other. P&G has not provided any evidence that there was merely a name change with no substantial change in the operations or management. In fact, P&G, as stated above, has resisted

efforts to gain discovery regarding the transfer of interest to WC and have refused to provide necessary details concerning the transaction.

## CONCLUSION

For the foregoing reasons, Apotex requests that the Court deny Plaintiffs' Motion to Substitute Parties Pursuant To Fed.R.Civ.P. 25(c) and Seeking Leave to File Amended Complaints Pursuant to Fed.R.Civ.P. 15(a)(2), and instead simply add WC as a party to this litigation. In the alternative, if the Court determines that substitution is appropriate, Apotex requests that its substitution Order permit Defendants to rejoin P&G to this litigation at a later date if necessary to avoid prejudice.

Dated: July 1, 2010

          /s/Richard W. Riley
Richard W. Riley (DE #4052)
DUANE MORRIS LLP
1100 N. Market St., Suite 1200
Wilmington, Delaware 19801
Phone: 302-657-4900
Fax: 302-657-4901
*rwriley@duanemorris.com*

*Counsel for Defendants*
*Apotex Inc. and Apotex Corp.*

*Of Counsel*

Steven E. Feldman
Louise T. Walsh
Hartwell P. Morse, III
Sherry L. Rollo
HUSCH BLACKWELL SANDERS
WELSH & KATZ, LLP
120 S. Riverside Plaza – Suite 2200
Chicago, Illinois 60606
Phone: 312-655-1500
Fax: 312-655-1501
*steven.feldman@huschblackwell.com*
*louise.walsh@huschblackwell.com*
*hartwell.morse@huschblackwell.com*
*sherry.rollo@huschblackwell.com*

5

**CERTIFICATE OF SERVICE**

I, Richard W. Riley, hereby certify that on July 1, 2010, a true and correct copy of the foregoing Defendants' Apotex Inc.'s And Apotex Corp.'s Opposition To Plaintiffs' Motion To Substitute Parties Pursuant To Fed.R.Civ.P. 25(c) And Seeking Leave To File Amended Complaints Pursuant To Fed.R.Civ.P. 15(a)(2) was caused to be served on the attorneys of record at the following addresses and in the manner indicated:

**Via Hand Delivery And Electronic Mail**
Frederick L. Cottrell, III
Stephen J. Fineman
RICHARDS, LAYTON & FINGER, PA
One Rodney Square
920 N. King Street
Wilmington, DE 19801

**Via Hand Delivery And Electronic Mail**
Karen L. Pascale
YOUNG, CONAWAY, STARGATT & TAYLOR
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391

**Via Electronic Mail**
William F. Lee
Vinita Ferrera
Hollie L. Baker
Allen C. Nunnally
WILMER CUTLER PICKERING HALE AND DORR LLP
60 State Street
Boston, MA 02109
william.lee@wilmerhale.com
vinita.ferrera@wilmerhale.com
hollie.baker@wilmerhale.com
allen.nunnally@wilmerhale.com

**Via Electronic Mail**
James Galbraith
Maria Luisa Palmese
A. Anthony Pfeffer
Peter L. Giunta
KENYON & KENYON LLP
One Broadway
New York, NY 10004-1007
jgalbraith@kenyon.com
mpalmese@kenyon.com
apfeffer@kenyon.com
pgiunta@kenyon.com

**Via Electronic Mail**
David B. Bassett
WILMER CUTLER PICKERING HALE AND DORR LLP
399 Park Avenue
New York, New York 10022
david.bassett@wilmerhale.com

**Via Electronic Mail**
Mark E. Waddell
LOEB & LOEB LLP
345 Park Avenue
New York, New York 10154-1895
mwaddell@loeb.com

/s/ Richard W. Riley
Richard W. Riley