IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THE PROCTER & GAMBLE COMPANY and HOFFMAN-LA ROCHE INC., <br><br> Plaintiffs, <br> v. <br><br> TEVA PHARMACEUTICALS USA, INC., <br><br> Defendant. | C. A. No. 08-627 (JJF) <br><br> <u>CONSOLIDATED</u> |
| THE PROCTER & GAMBLE COMPANY and HOFFMAN-LA ROCHE INC., <br><br> Plaintiffs, <br> v. <br><br> APOTEX INC. and APOTEX CORP., <br><br> Defendants. | C. A. No. 09-143 (JJF) |

**PLAINTIFFS' REPLY TO DEFENDANTS APOTEX INC.'S AND APOTEX'S CORP.'S OPPOSITION TO PLAINTIFFS' MOTION TO SUBSTITUTE PARTIES**

OF COUNSEL
William F. Lee
Vinita Ferrera
Allen C. Nunnally
Wilmer Cutler Pickering Hale and Dorr LL
60 State Street
Boston, Massachusetts 02109
(617) 526-6000

David B. Bassett
Wilmer Cutler Pickering Hale and Dorr LLP
399 Park Avenue
New York, New York 10022
(212) 230-8800
*Attorneys for The Procter & Gamble Co. and Warner Chilcott Company, LLC*

Frederick L. Cottrell, III (#2555)
Steven J. Fineman (#4025)
Laura D. Hatcher (#5098)
Richards, Layton & Finger, P.A.
One Rodney Square, P.O. Box 551
Wilmington, DE 19899
(302) 651-7700
Cottrell@rlf.com
Fineman@rlf.com
Hatcher@rlf.com
*Attorneys for The Procter & Gamble Co., Warner Chilcott Company, LLC, and Hoffman La-Roche Inc.*

Mark E. Waddell, Esq.
Loeb & Loeb LLP
345 Park Avenue
New York, New York 10154-1895
(212) 407-4000
*Attorneys for Hoffman La-Roche Inc.*

Dated: July 12, 2010

**TABLE OF CONTENTS**

I.   ARGUMENT ........................................................................................................................1

    A.   P&G Has Fulfilled Its Discovery Obligations And Will Continue To Do So ..........1

    B.   P&G and WCCLLC Have Provided Enforceable Assurances Guaranteeing That Substitution Would Not Prejudice Any Party .........................................................3

## ARGUMENT

Warner Chilcott Company LLC ("WCCLLC") should be substituted for the Procter & Gamble Company ("P&G") as a plaintiff because P&G no longer holds any interest in this action, and WCCLLC's substitution would not prejudice the Defendants. Defendants Apotex Inc. and Apotex Corp. ("Apotex") have failed to rebut Plaintiffs' arguments for substitution and have not offered any tenable reason not to substitute. Apotex in essence argues that 1) P&G cannot be trusted because it purportedly has not met its discovery obligations to date, and 2) allowing P&G to withdraw from the case would prejudice Apotex. Apotex Br. at 1 (D.I. 71). The facts do not support either of these contentions.

### A. P&G Has Fulfilled Its Discovery Obligations And Will Continue To Do So

Apotex's assertions and insinuations that P&G has not fulfilled (and will not fulfill) its discovery obligations are without merit. Apotex's July 1, 2010 Opposition Brief ("Apotex Br."), characterizing P&G as "recalcitrant" and listing discovery issues about which Apotex is allegedly unsatisfied, conspicuously – and inexplicably – fails to mention a June 21, 2010 meet and confer between P&G and Apotex during which counsel for P&G and Warner Chilcott informed counsel for Apotex that: (1) P&G's production would be substantially complete by July 7, 2010; (2) any remaining documents, particularly those responsive to Apotex's later-arising requests regarding the divestiture of P&G's pharmaceutical business to Warner Chilcott, would be produced as soon thereafter as possible on a rolling basis; and (3) Plaintiffs would supplement responses to Apotex's interrogatories, and in particular, contention interrogatories. Nunnally Decl., Exhibit 1 ¶ 4. During that June 21 meet and confer call, counsel for Apotex accepted P&G and Warner Chilcott's representations and did not indicate that Apotex had *any* objection or concerns about the proposed course of action, much less that Apotex intended to move to compel in spite of the parties' agreement about these issues. *Id.* ¶ 6. In fact, Plaintiffs heard

1

nothing further from Apotex until receiving, with no warning, Apotex's Motion to Compel. *Id.* ¶ 7.

In any case, as agreed, on July 7, 2010, P&G produced some 430,000 additional pages to Apotex, and Plaintiffs also supplemented their responses to Apotex's interrogatories, including contention interrogatories.[1] *Id.* ¶ 8. Although some documents from P&G remain to be produced, all relevant documents have already been collected from P&G and are merely being reviewed for production by outside counsel at WilmerHale. *Id.* ¶ 9. P&G has thus fulfilled and will continue to fulfill its discovery obligations, consistent with representations made to Apotex (and Teva) prior to the filing of P&G's Motion to Substitute and consistent with the parties' most recent discussion in the June 21 meet and confer call. Apotex's attempt to paint P&G as uncooperative just days after reaching an accord on these issues during the June 21 meet and confer call and days before the date by which P&G's production would be substantially complete is puzzling, to say the least, and should be given no weight by the Court.

In specific regard to documents pertaining to the divestiture of P&G's pharmaceutical business to Warner Chilcott, Apotex incorrectly asserts that "P&G has refused to even provide relevant documents pertaining to WC's purchase of P&G's pharmaceutical unit[.]" This is simply incorrect. During the June 21 meet and confer, which occurred months after the correspondence that Apotex cites, P&G informed Apotex that it was already preparing to produce the documents Apotex requested and expects to do so shortly. *Id.* ¶ 10.

---

[1] As discussed in the June 21 meet and confer call, certain interrogatory responses under Rule 33(d) will be further supplemented with the Bates ranges of documents in the near future.

2

### B. P&G and WCCLLC Have Provided Enforceable Assurances Guaranteeing That Substitution Would Not Prejudice Any Party

Apotex's contention that substitution will prejudice Apotex is similarly meritless. Apotex contends it does not know which employees have moved from P&G to WCCLLC and asserts, "it will be much more difficult [to compel P&G employees to appear at trial] if P&G is not a party to the litigation" but fails to explain – because it cannot – what would cause this purported difficulty. Apotex Br. at 1 (D.I. 71). As explained in Plaintiffs' Motion, P&G has offered to stipulate that it will make its employees available to the same extent as if P&G were a party, and WCCLLC has offered to stipulate that it will treat those employees' testimony as if it came from WCCLLC's own employees. Ewenstein Decl. Ex. 4 ("Stipulation").[2] In light of this Stipulation, seeking testimony from a P&G witness will be no different from seeking testimony from WCCLLC witnesses. Despite these assurances, Apotex wrongly asserts that it would "have no recourse" if P&G were allowed to leave the case and subsequently refused to honor the Stipulation. Apotex Br. at 2. P&G proposes to sign and be bound by the Stipulation. Moreover, P&G's proposed removal from the case as a plaintiff is premised upon the Stipulation and P&G's agreement to cooperate with discovery. In the implausible event that P&G failed to honor the stipulated commitment, Apotex would be free to pursue a remedy with the Court for P&G's failure to comply with the Stipulation.

Apotex cites no case law supporting its contention that joinder would be preferable to substitution in this case. Moreover, its attempts to distinguish Plaintiffs' case law rely heavily on the incorrect assertions that P&G has not met its discovery obligations and Apotex may suffer prejudice if P&G withdraws from the case. Apotex Br. at 4-5 (D.I. 71). In fact, P&G has

---

[2] Plaintiffs filed the Ewenstein Declaration, including Exhibit 4, with their Motion To Substitute Parties Pursuant To Fed. R. Civ. P. 25(C) And To File Amended Complaints Pursuant To Fed. R. Civ. P. 15(A)(2) (D.I. 70).

3

complied with all requests for discovery from Apotex and will continue to do so as outlined in the Stipulation. Moreover, Plaintiffs' assurances to Apotex and this Court guarantee that Apotex will not be prejudiced by P&G's withdrawal from this case.

## CONCLUSION

For the foregoing reasons, and the reasons stated in its opening brief, P&G respectfully requests that the Court grant its Motion to Substitute Parties and Seeking Leave to File Amended Complaints.

OF COUNSEL
William F. Lee
Vinita Ferrera
Allen C. Nunnally
Wilmer Cutler Pickering Hale and Dorr LL
60 State Street
Boston, Massachusetts 02109
(617) 526-6000

David B. Bassett
Wilmer Cutler Pickering Hale and Dorr LLP
399 Park Avenue
New York, New York 10022
(212) 230-8800
*Attorneys for The Procter & Gamble Co. and Warner Chilcott Company, LLC*

Mark E. Waddell, Esq.
Loeb & Loeb LLP
345 Park Avenue
New York, New York 10154-1895
(212) 407-4000
*Attorneys for Hoffman La-Roche Inc.*

Dated:   July 12, 2010

/s/ *[signature]*
Frederick L. Cottrell, III (#2555)
Steven J. Fineman (#4025)
Laura D. Hatcher (#5098)
Richards, Layton & Finger, P.A.
One Rodney Square, P.O. Box 551
Wilmington, DE 19899
(302) 651-7700
Cottrell@rlf.com
Fineman@rlf.com
Hatcher@rlf.com
*Attorneys for The Procter & Gamble Co., Warner Chilcott Company, LLC, and Hoffman La-Roche Inc.*

# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I hereby certify that on July 12, 2010, I caused the foregoing to be served on the following by hand delivery:

| | |
|---|---|
| Karen L. Pascale, Esquire<br>Young Conaway Stargatt & Taylor<br>The Brandywine Building<br>1000 West Street - 17th Floor<br>P.O. Box 391<br>Wilmington, DE 19899-0391 | Richard William Riley, Esquire<br>Duane Morris LLP<br>1100 North Market Street<br>Suite 1200<br>Wilmington, DE 19801 |

I hereby certify that on July 12, 2010, I caused the foregoing to be served on the following by Electronic Mail:

| | |
|---|---|
| James Galbraith, Esquire<br>Maria Luisa Palmese, Esquire<br>Antony Pfeffer, Esquire<br>Kenyon & Kenyon LLP<br>One Broadway<br>New York, NY 10004 | Steven E. Feldman, Esquire<br>Husch Blackwell Sanders Welsh &<br>  Katz LLP<br>120 South Riverside Plaza<br>22nd Floor<br>Chicago, IL 60606 |

/s/ Laura D. Hatcher
Laura D. Hatcher #5098
hatcher@rlf.com