## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| THE PROCTER & GAMBLE COMPANY and HOFFMAN-LA ROCHE INC., | ) ) ) ) | |
| Plaintiffs, | ) ) | C. A. No. 08-627 (JJF) |
| v. | ) ) | CONSOLIDATED |
| TEVA PHARMACEUTICALS USA, INC., | ) ) | |
| Defendant. | ) ) | |
| THE PROCTER & GAMBLE COMPANY and HOFFMAN-LA ROCHE INC., | ) ) ) | |
| Plaintiffs, | ) ) | C. A. No. 09-143 (JJF) |
| v. | ) ) | |
| APOTEX INC. and APOTEX CORP. | ) ) ) | |
| Defendants. | ) ) ) | |

**PLAINTIFFS' RESPONSE TO
DEFENDANTS APOTEX INC.'S AND APOTEX CORP.'S
MOTION TO EXTEND DEADLINES FOR FACT DISCOVERY, EXPERT REPORTS,
AND TO ENTER A BRIEFING SCHEDULE FOR CLAIM CONSTRUCTION BRIEFS**

OF COUNSEL:
William F. Lee
Vinita Ferrera
Allen C. Nunnally
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA 02109
(617) 526-6000

Frederick L. Cottrell, III (#2555)
cottrell@rlf.com
Steven J. Fineman (#4025)
fineman@rlf.com (#5098)
Laura D. Hatcher
hatcher@rlf.com
Richards Layton & Finger, P.A.
One Rodney Square
920 N. King Street
Wilmington, DE 19899
(302) 651-7700
Attorneys for Plaintiffs The Procter & Gamble
Company and Hoffmann-La Roche Inc.

David B. Bassett
Wilmer Cutler Pickering Hale and Dorr LLP
399 Park Avenue
New York, NY 10022
(212) 230-8800

Mark E. Waddell
Loeb & Loeb LLP
345 Park Avenue
New York, NY
(212) 230-8800

Dated:  July 19, 2010

# TABLE OF CONTENTS

<div align="right">**Page**</div>

TABLE OF AUTHORITIES ............................................................................................... ii

INTRODUCTION ............................................................................................................ 1

I.     FACTUAL BACKGROUND........................................................................................ 2

II.    ARGUMENT ........................................................................................................ 3

      A.    Apotex Articulates No Reasonable Basis for Being Permitted to Serve Additional Written Discovery........................................................ 3

      B.    The Plaintiffs Will Be Prejudiced By An Extension of the Deadline to Serve Discovery Requests ........................................................ 5

CONCLUSION................................................................................................................ 6

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Doe v. Mercy Health Corp.*,
   1993 WL 377064 (E.D. Pa. Sept. 15, 1993) .............................................................................4

*Staples v. Caremark, L.L.C.*,
   2009 WL 2743504 (W.D. Tex. Aug. 24, 2009)........................................................................6

ii

## INTRODUCTION

In their July 1 Motion to Extend Deadlines for Fact Discovery, Expert Reports, and to Enter a Briefing Schedule for Claim Construction Briefs (D.I. 73) ("Motion to Extend"), Defendants Apotex Inc. and Apotex Corp. (collectively "Apotex") asked the Court to extend deadlines for fact discovery set forth in the Court's Scheduling Order of June 11, 2010. That Scheduling Order, in turn, was based on an agreed-upon proposal from all parties, submitted to the Court on May 17, 2010 – a mere month and a half before Apotex's present Motion to Extend was filed. Plaintiffs do not oppose Apotex's motion with regard to an extension of time to produce documents and serve expert reports; nor do they oppose Apotex's motion to enter a claim construction briefing schedule. However, Plaintiffs oppose Apotex's request for additional time to serve further written discovery – there is no need to permit any of the parties to serve additional interrogatories, requests for production, or requests for admission. Apotex has cited no new information or any other reasons as to why it could not have served its discovery requests before the agreed deadline set forth in the current Scheduling Order.

Plaintiffs agree that an extension of the deadline by which to produce documents will allow the parties to complete production in a timely manner (although, as set forth in Plaintiffs' Opposition to Apotex's Motion to Compel, the bulk of document production by the parties is complete). Plaintiffs also do not oppose Apotex's motion to extend deadlines for expert reports and for the entry of a briefing schedule for claim construction, to allow parties additional time to work with their experts and to establish a schedule for the claim construction process. However, as set forth below in further detail, no extension of time providing for additional written discovery is necessary – and indeed, such an extension would be prejudicial to the Plaintiffs. Accordingly, Apotex's Motion to Extend should be denied to that extent.

1

## I.   **FACTUAL BACKGROUND**

This patent infringement action was filed on March 4, 2009 against Apotex (C.A. No. 09-143-JJF) by The Procter & Gamble Company ("P&G"). Subsequent to the filing, on August 24, 2009, Warner Chilcott ("Warner Chilcott") and P&G signed a Purchase Agreement through which Warner Chilcott plc acquired the worldwide prescription pharmaceuticals business of P&G and its affiliates. (Nunnally Decl, Ex. 1.) P&G's motion to substitute Warner Chilcott for P&G as the proper plaintiff is currently before the Court. (D.I. 69.)

Under the Court's original Scheduling Order dated September 24, 2009 (following the consolidation of the case against Apotex with the case against Teva Pharmaceuticals, Inc.), fact discovery (with the exception of depositions) was to be completed by March 29, 2010. (D.I. 35.) P&G began producing documents to the Defendants in December of 2009.[1] (Nunnally Decl. ¶ 5.) In March of 2010, the parties agreed an extension providing more time to serve discovery requests and to complete document production would be appropriate, and the parties commenced negotiations for a joint proposal to the Court. (Nunnally Decl. ¶ 6.) These negotiations concluded in May, and the parties submitted an agreed-upon schedule to the Court on May 17, 2010 (D.I. 66.) Apotex participated in these negotiations, and also joined the other parties in the litigation in requesting the dates specified in that proposed schedule – including the provision requiring that written discovery be "commenced so as to be completed by July 7, 2010." The Court entered the proposed Scheduling Order on June 11, 2010. (D.I. 68.)

On June 17, 2010, counsel for Apotex sent a letter to counsel for P&G threatening to move to compel on certain alleged deficiencies in Plaintiffs' production. (Nunnally Decl. ¶ 8.) Counsel for P&G immediately sought a meet-and-confer teleconference with counsel for Apotex,

---

[1] The parties agreed that millions of pages of documents already produced to Apotex by Roche in another litigation involving the '938 Patent would be deemed produced in this case.

which was held on June 21, 2010.  (Nunnally Decl. ¶ 9.)  During that call, counsel for P&G, among other things, explained that P&G was working diligently on that effort and expected to produce the vast majority of its responsive documents by July 7, 2010 – with any remaining documents being produced as soon thereafter as possible on a rolling basis.[2]  In response to Apotex's suggestion of an extension of the deadline for fact discovery, Plaintiffs stated that, while they would be amenable to an extension of the deadline to produce documents, they did not believe there was any reason to allow the parties to continue to serve further discovery requests in contravention of the agreed amended Scheduling Order (and the structure of the original Scheduling Order), which contemplated a deadline for service of written discovery 30 days before the deadline for the production of documents.    (Nunnally Decl. ¶ 9.)

On July 1, 2010, Plaintiffs received Apotex's Motion to Extend, along with its opposition papers to P&G's Motion to Substitute WCCLLC for P&G as a plaintiff and party-in-interest in this action and, inexplicably, a Motion to Compel seeking discovery Plaintiffs already agreed to provide. (*See* Plaintiffs' Opposition to Defendant Apotex Inc.'s and Apotex Corp.'s Motion to Compel, filed July 19, 2010.)

## II.    ARGUMENT

### A.    Apotex Articulates No Reasonable Basis for Being Permitted to Serve Additional Written Discovery

Apotex claims that an extension of the deadline for fact discovery is "necessary." However, nowhere does Apotex cite any facts to substantiate its claim of necessity.  Rather, its motion is phrased in general terms, and it argues that the current deadline does not allow

---

[2]  As discussed in P&G's Opposition to Apotex's Motion to Compel, final agreement on electronic search terms was only reached in late March, and counsel for P&G has reviewed for production over 2.25 million pages of documents, representing over 80% of the total page count, yielded from the very broad search terms requested by Apotex. (*See* Plaintiffs' Opposition to Defendant Apotex Inc.'s and Apotex Corp.'s Motion to Compel, filed July 19, 2010, at 3.)

"sufficient time for the Defendants to assess Plaintiffs' documents and supplemental responses and determine what additional discovery is necessary." This statement inherently admits that Apotex's motion is based on pure conjecture – a mere possibility that Apotex may wish to seek additional information. Moreover, Apotex has had ample opportunity to serve written discovery since the spring of 2009 and indeed has served 99 requests for production on P&G, 85 requests for production on Roche, and 17 separate interrogatories on the Plaintiffs collectively.

Moreover, there is no evidence of any new information or unexplored area of discovery that might justify Apotex's delay in serving additional written discovery requests. Rather, Apotex merely refers to Plaintiffs production of documents near the end of document production period contemplated by the Scheduling Order. This, standing alone, is not a valid reason for an extension. *See Doe v. Mercy Health Corp.*, 1993 WL 377064, at *14 (E.D. Pa. Sept. 15, 1993) (denying extension where defendants' "request is grounded entirely on allegations that they are entitled to a two-month extension because of 'Plaintiff's foot dragging'"... and no "practical reason for the extension" was given). As described above, Apotex participated in the discussions that led to the parties' joint proposal of a deadline for serving written discovery such that responses would be due on or before July 7, 2010. At the time that joint proposal was made – less than two months before filing the instant motion – Apotex agreed that the July 7 date (contemplating service of written discovery no later than June 7) was an acceptable date and had no reason to contend it may need to seek additional written discovery. Apotex cites no new developments between the last date written discovery could be served and the present date that would necessitate the service of additional written discovery requests.

Additionally, Apotex fails to mention in its motion that the July 7 deadline does not apply to fact depositions. Indeed, depositions in this litigation have not commenced. And in fact, no

notices of deposition have even been served.  This avenue of discovery affords Apotex ample opportunity to explore issues that may arise, as contemplated by both the original and amended Scheduling Orders, in any documents the Plaintiffs have produced.

Finally, with regard to Apotex's assertion that an extension is necessary to allow the parties to conduct "follow up discovery" after the Court's claim construction order, this too undermines the parties' prior agreement.  The parties' proposed Scheduling Order of May 17, 2010 placed the deadline for completion of written discovery several months before claim construction proceedings, and Apotex agreed to this proposed Scheduling Order before it was submitted to the Court.  It cites no reason why it should now be allowed to change course.  In addition, it is unclear – and Apotex does not explain – why the Court's claim construction order would affect the scope of fact discovery in this litigation.[3]

### B.      The Plaintiffs Will Be Prejudiced By An Extension of the Deadline to Serve Discovery Requests

The Plaintiffs have served their written discovery in this litigation in a timely manner, with the expectation that all parties would make a good faith effort to comply with the agreed-upon schedule for fact discovery.  As a result, Plaintiffs efforts in responding to Apotex's requests – interrogatories, requests for production, and requests for admission – have been tailored to Apotex's served requests.  The process of searching for, reviewing, and producing documents as well as investigating and compiling responses to written discovery has been time-consuming and expensive for the Plaintiffs.  Having already engaged in this process to produce

---

[3] Apotex additionally bases its request for an extension on the fact that it has not received documents regarding the purchase of P&G's pharmaceuticals business by Warner Chilcott. However, this point is moot – as described in Plaintiffs' Opposition to Apotex's Motion to Compel.  The Plaintiffs have agreed to provide this information – from both P&G *and* Warner Chilcott – and have been working diligently to that end.  (Nunnally Decl. ¶ 10.)  Apotex fails to mention any additional requests it would propound if Warner Chilcott became a plaintiff in this litigation.

all of the information to which Apotex is entitled in this litigation, it would be prejudicial and unduly burdensome to require Plaintiffs to repeat these efforts to respond to new requests that could have been made in a timely manner. *Staples v. Caremark, L.L.C.*, 2009 WL 2743504, at *1 (W.D. Tex. Aug. 24, 2009) (denying request to extend discovery deadline in part because opposing party would be prejudiced as it had already undertaken the time and expense to comply with the court's scheduling order.) This is particularly true where Apotex had the opportunity – prior to the parties' May 17 joint submission – to negotiate a different date.

## CONCLUSION

For the reasons set forth fully above, Plaintiffs respectfully request that Apotex's Motion to Extend be denied with respect to extension of time for serving additional requests for production, requests for admission, and interrogatories. Plaintiffs do not oppose the remainder of Apotex's Motion to Extend.

<div style="margin-left: 45%;">

*/s/ Laura D. Hatcher*
Frederick L. Cottrell, III (#2555)
cottrell@rlf.com
Steven J. Fineman (#4025)
fineman@rlf.com
Laura D. Hatcher (#5098)
hatcher@rlf.com
Richards Layton & Finger, P.A.
One Rodney Square
920 N. King Street
Wilmington, DE 19899
(302) 651-7700
Attorneys for Plaintiffs The Procter & Gamble
Company and Hoffmann-La Roche Inc.

</div>

OF COUNSEL:
William F. Lee
Vinita Ferrera
Allen C. Nunnally
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA 02109
(617) 526-6000


David B. Bassett
Wilmer Cutler Pickering Hale and Dorr LLP
399 Park Avenue
New York, NY 10022
(212) 230-8800

Mark E. Waddell
Loeb & Loeb LLP
345 Park Avenue
New York, NY
(212) 230-8800

Dated: July 19, 2010

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I hereby certify that on July 19, 2010, I electronically filed the foregoing document with

the Clerk of Court using CM/ECF which will send notification of such filing(s) and Hand

Delivered to the following:

> Karen L. Pascale, Esquire
> Young Conaway Stargatt & Taylor
> The Brandywine Building
> 1000 West Street - 17th Floor
> P.O. Box 391
> Wilmington, DE 19899-0391
>
> Richard William Riley, Esquire
> Duane Morris LLP
> 1100 North Market Street
> Suite 1200
> Wilmington, DE 19801

I hereby certify that on July 19, 2010, I have sent by Electronic Mail, the foregoing

document to the following non-registered participants:

| | |
|---|---|
| James Galbraith, Esquire | Steven E. Feldman, Esquire |
| Maria Luisa Palmese, Esquire | Husch Blackwell Sanders Welsh & |
| Antony Pfeffer, Esquire | Katz LLP |
| Kenyon & Kenyon LLP | 120 South Riverside Plaza |
| One Broadway | 22nd Floor |
| New York, NY 10004 | Chicago, IL 60606 |

> /s/ Laura D. Hatcher
> Laura D. Hatcher (#5098)
> Hatcher@rlf.com