

Frederick L. Cottrell, III
Director
302-651-7509
Cottrell@rlf.com

August 31, 2010

**VIA HAND DELIVERY AND CM/ECF FILING**

The Honorable Gregory M. Sleet
Chief Judge
United States District Court, District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Room 4324, Unit 19
Wilmington, DE 19801-3569

        Re:    <u>Procter & Gamble Co. v. Teva Pharmaceuticals USA, Inc., No. 08-627-LPS; Procter & Gamble Co. v. Sun Pharma Global, Inc., No. 09-061-GMS</u>

Dear Chief Judge Sleet:

    We represent Plaintiffs The Proctor & Gamble Company ("P&G"), Warner Chilcott Company LLC ("Warner Chilcott"), and Hoffmann-La Roche, Inc. ("Roche") in four related ANDA actions brought in the District of Delaware against four separate defendants. These actions are:

- *Procter & Gamble Co. v. Teva Pharmaceuticals USA, Inc.*, No. 08-627-LPS ("the Teva Action");
- *Procter & Gamble Co. v. Sun Pharma Global, Inc.*, No. 09-061-GMS ("the Sun Action");
- *Procter & Gamble Co. v. Apotex, Inc.*, No. 09-143-LPS ("the Apotex Action"); and
- Warner Chilcott Company, LLC v. Mylan Pharmaceuticals, Inc., No. 10-285-LPS ("the Mylan Action").[1]

---

[1] Warner Chilcott, rather than Procter & Gamble, is a plaintiff in the Mylan Action because P&G sold its pharmaceutical business, including its rights to the patents-in-suit, to Warner Chilcott on August 24, 2009, between the commencement of the Apotex Action and the Mylan Action. Plaintiffs' motion to substitute Warner Chilcott for P&G as plaintiff in the Teva and Apotex Actions is pending before Judge Stark. Sun previously consented to substitution of Warner Chilcott for P&G in the Sun Action, and Plaintiffs plan to seek this substitution following resolution of this request for transfer.

The Honorable Gregory M. Sleet
Page 2
August 31, 2010

      We address this letter to Your Honor as Chief Judge and as the Judge assigned to one of these cases (the Sun Action). The Plaintiffs believe that the interests of judicial economy and efficiency will best be served through a reassignment of the Sun Action to Judge Stark, before whom the other three Actions are already pending and have now been consolidated for pretrial purposes.

      Each of these four cases arose when the respective Defendant filed an Abbreviated New Drug Application with the FDA seeking permission to market a generic version of the Once-a-Month Actonel® drug product, which P&G formerly made and marketed and Warner Chilcott now makes and markets following the sale of P&G's pharmaceutical business to Warner Chilcott plc. Each case involves claims of infringement and invalidity concerning U.S. Patent No. 7,192,938 ("the '938 patent"), a dosing patent covering Once-a-Month Actonel® that P&G formerly licensed and Warner Chilcott now licenses from Roche. The Teva Action also involves claims of infringement and invalidity concerning U.S. Patent No. 6,165,513 ("the '513 patent"), which is a film-coated dosage form patent formerly owned by P&G and now owned by Warner Chilcott and which also covers Once-a-Month Actonel®.[2]

      The Teva, Sun, and Apotex Actions at issue were filed on September 26, 2008; January 26, 2009; and March 13, 2009, respectively, and the Mylan Action was filed April 8, 2010. Each of these Actions was assigned to Judge Farnan when first filed. Judge Farnan retained the Teva and Apotex Actions, while the Sun Action was reassigned to Your Honor when Judge Farnan recused himself because of a conflict with Sun's Delaware counsel, Phillips, Goldman & Spence P.A. The later-filed Mylan Action was also assigned to Judge Farnan.

      Upon Judge Farnan's retirement and Judge Stark's confirmation as a District Judge of the United States District Court for the District of Delaware, the Teva, Apotex, and Mylan Actions were reassigned to Judge Stark. In the interests of judicial economy and efficiency, and in the absence of the conflict that precipitated the Sun Action's reassignment to Your Honor, Plaintiffs respectfully suggest that the Sun Action also be reassigned to Judge Stark.

      As Your Honor is aware, with respect to the Sun Action, no Rule 16 Conference has yet been held. To date, Sun has continually refused to engage in a Rule 26(f) conference or to begin participating in fact discovery. Despite Sun's unjustified refusal to commence discovery in good faith, Plaintiffs believe that the Sun Action may still be consolidated for all pretrial purposes with the other three actions. In fact, the later-filed Mylan Action was just recently consolidated with the previously-consolidated Teva and Apotex Actions on July 28, 2010. Therefore, if the Sun Action were reassigned to Judge Stark, it would be possible to consolidate that Action with the other three Actions for pretrial purposes, promoting judicial economy and efficiency for the parties. Plaintiffs intend to seek such consolidation at the appropriate time should the Sun Action be transferred to Judge Stark but belief that a transfer to Judge Stark is appropriate for the promotion of judicial economy under any circumstances.

---

[2] Although P&G and Warner Chilcott have not asserted the '513 patent against Apotex, Apotex brought a declaratory judgment counterclaim against the '513 patent. A covenant not to sue was offered to Apotex, however, and although Apotex has refused to accept the covenant, that counterclaim should ultimately be dismissed for lack of subject matter jurisdiction where there is no case in controversy.

RLF1 3604699v. 1

The Honorable Gregory M. Sleet
Page 3
August 31, 2010

   For the reasons set forth above, Plaintiffs P&G, Warner Chilcott, and Roche respectfully request that the Court reassign the Sun Action to Judge Stark. In spite of repeated requests for Sun to provide the Plaintiffs with its position on the proposed transfer and notice to Sun that Plaintiffs would make this request to the Court, Sun has declined to make its position known to Plaintiffs. Should Your Honor have questions in regard to this request, counsel for Plaintiffs will, of course, make themselves available by telephone or in person should to discuss these issues further.

              Respectfully,

              */s/ Frederick L. Cottrell, III*

              Frederick L. Cottrell III (#2555)
              Cottrell@rlf.com

/kdm
cc: Hon. Leonard P. Stark (by hand and cm/ecf filing)
   Antony P. Pfeffer, Esq. (by electronic mail)
   Eric. C. Cohen, Esq. (by electronic mail)
   Louise T. Walsh, Esq. (by electronic mail)
   Robert E. Colletti, Esq. (by electronic mail)
   Mark E. Waddell, Esq. (by electronic mail)
   David B. Bassett, Esq. (by electronic mail)

RLF1 3604699v. 1