# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THE PROCTER & GAMBLE COMPANY and HOFFMANN-LA ROCHE INC., <br><br> Plaintiffs, <br><br> v. <br><br> TEVA PHARMACEUTICALS USA, INC., <br><br> Defendant. | C.A. No. 08-627-LPS |
| THE PROCTER & GAMBLE COMPANY and HOFFMANN-LA ROCHE INC., <br><br> Plaintiffs, <br><br> v. <br><br> APOTEX, INC. AND APOTEX CORP., <br><br> Defendants. | C.A. No. 09-143-LPS <br> (consolidated with C.A. No. 08-627-LPS) |
| WARNER CHILCOTT COMPANY, LLC and HOFFMANN-LA ROCHE INC., <br><br> Plaintiffs, <br><br> v. <br><br> MYLAN PHARMACEUTICALS, INC., <br><br> Defendant. | C.A. No. 10-285-LPS <br> (consolidated with C.A. No. 08-627-LPS) |
| THE PROCTER & GAMBLE COMPANY and HOFFMANN-LA ROCHE INC., <br><br> Plaintiffs, | C.A. No. 09-61-LPS |

RLF1 3623671v. 1

|  |  |  |
|---|---|---|
| v. | ) | (consolidated with C.A. No. 08-627-LPS) |
| SUN PHARMA GLOBAL, INC. | ) | |
| Defendant. | ) | |

## (PROPOSED) AMENDED CONSOLIDATED RULE 16 SCHEDULING ORDER

The above-captioned cases have been consolidated for pretrial purposes and Plaintiffs Warner Chilcott Company, LLC ("Warner Chilcott"), The Procter & Gamble Co. ("P&G"), and Hoffmann-La Roche Inc. ("Roche"), and Defendants Teva Pharmaceuticals USA, Inc. ("Teva"), Apotex, Inc. and Apotex Corp. (collectively, "Apotex"), Mylan Pharmaceuticals, Inc. ("Mylan"), and Sun Pharma Global, Inc. ("Sun") have satisfied their obligations under Fed. R. Civ. P. 26(f). The parties have reached agreement on most issues, but seek the Court's assistance in resolving certain competing proposals as set forth below.

IT IS ORDERED that:

1.  **Pre-Discovery Disclosures.** Plaintiffs, Teva, Apotex, and Mylan have exchanged the information required by Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.1. Plaintiffs and Sun will exchange information required by Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.1 by November 17, 2010.

2.  **Joinder of Parties.** The deadline for joinder of parties has passed.

RLF1 3623671v. 1

3. **Discovery**

    (a) **Limitations on Written Discovery**

        (i) Maximum of 25 interrogatories, including contention interrogatories, for Plaintiffs jointly; 25 interrogatories, including contention interrogatories, for each Defendant.

        (ii) Maximum of 25 requests for admission for Plaintiffs jointly; 25 requests for admission for each Defendant. These limitations exclude requests to authenticate documents, which are not limited in number.

    (b) **Limitations on Deposition Discovery**

*PLAINTIFFS' POSITION*

Maximum of 15 depositions collectively by Plaintiffs and 15 depositions collectively by Defendants, excluding expert depositions, unless otherwise agreed by the parties.

All such depositions by Defendants are to be conducted jointly among the Defendants, i.e., all Defendants are to receive notice of the depositions, may attend the deposition and each Defendant attending the deposition may pose questions. All depositions may be used by any Defendant in any of the consolidated cases, regardless of whether that Defendant attended the deposition. The depositions taken by Defendants of witnesses who were not previously deposed in Hoffmann-La Roche Inc. v. Apotex Inc and Apotex Corp., Civil Action No. 07-4117 (SRC) (MAS), or Hoffmann-La Roche Inc. v. Genpharm Inc. and Genpharm, L.P., Civil Action No. 07-4661 (SRC) (MAS), or other cases consolidated therewith for discovery purposes (collectively, "the Ibandronate Litigation"), are limited to ten-and-a-half (10.5) hours (over two (2) days as necessary) if the deponent testifies in English, or twenty-one (21) hours (over as many as three

(3) days as necessary) if the deponent testifies in another language. With respect to those Roche witnesses who were previously deposed in the Ibandronate Litigation, depositions taken by Defendants are limited to seven (7) hours if the deponent testifies in English, or fourteen (14) hours (over as many as two (2) days as necessary) if the deponent testifies in another language.

A deposition noticed under Fed.R.Civ.P. 30(b)(6) shall count as one deposition, regardless of the number of topics contained in the notice. The parties may issue more than one notice under Rule 30(b)(6) (including more than one notice to the same party); each such notice counts as a separate deposition, and the total deposition time per notice shall be seven (7) hours. All Rule 30(b)(6) depositions shall take place in the United States, except to the extent a corporate representative who resides in Europe is designated, in which case the deposition shall take place in London (U.K.), Frankfurt (Germany), or other mutually agreed location. The defendants may divide the total deposition time among themselves however they choose.

Each party shall produce any witness that it controls for deposition in the United States or Canada, which deposition shall be conducted under the Federal Rules of Civil Procedure, except to the extent that a witness resides in Europe. In the case of witnesses who are under a party's control but who reside in Europe, the depositions shall take place in London (U.K.), Franfurt (Germany), or other mutually agreed location. The parties shall cooperate in scheduling depositions of any foreign witnesses who are not controlled by any of the parties and who are not willing to travel to the United States for their depositions.

### *DEFENDANTS' POSITION*

Maximum of 20 depositions collectively by Plaintiffs and 20 depositions collectively by Defendants, excluding expert depositions, unless otherwise agreed by the parties.

All such depositions taken by Defendants are to be conducted jointly among the Defendants, i.e., all Defendants are to receive notice of the depositions, may attend the deposition and each Defendant attending the deposition may pose questions. All depositions taken by Defendants may be used by any Defendant in any of the consolidated cases, regardless of whether that Defendant attended the deposition.

The depositions taken by Defendants are limited to fourteen (14) hours if the deponent testifies in English or twenty-one (21) hours if the deponent testifies in another language.

A deposition noticed under Fed.R.Civ.P. 30(b)(6) shall count as one deposition, regardless of the number of topics contained in the notice. The parties may issue more than one notice under Rule 30(b)(6) (including more than one notice to the same party); each such notice counts as a separate deposition. All Rule 30(b)(6) depositions of Plaintiffs shall take place in Delaware, or a mutually agreed upon location, and all Rule 30(b)(6) depositions of Defendants shall take place where the witness is located, or a mutually agreed upon location. Defendants may divide the total deposition time among themselves however they choose.

Plaintiffs shall produce any witness that one of the Plaintiffs controls for deposition in Delaware, or a mutually agreed upon location. Each Defendant shall produce any witness that it controls for deposition in the place the witness is located, or a mutually agreed upon location. Plaintiffs shall not require Defendants to follow the Hague Convention in noticing depositions of any witness Plaintiff controls.

The parties shall cooperate in scheduling depositions of any foreign witnesses who are not controlled by any of the parties and who are not willing to travel to the United States for their depositions.

RLF1 3623671v. 1

(c) **Fact Discovery**

*PLAINTIFFS' POSITION*

As set forth fully in Plaintiffs' and Apotex's briefs on Apotex's Motion to Extend Deadlines (see D.I. 73, D.I. 84, and D.I. 89), a dispute remains concerning whether the period for written discovery, which expired in the Teva and Apotex consolidated actions (and now in the Mylan action) should be reopened. Plaintiffs do not believe this is justified.

With respect to Sun, however, Plaintiffs propose that exchange and completion of contention interrogatories and identification of fact witnesses should commence so as to be completed by February 1, 2011.

Plaintiffs believe that fact discovery should otherwise close on March 1, 2011.

*DEFENDANTS' POSITION*

Apotex has a pending *Motion to Extend Deadlines for Fact Discovery, Expert Reports, and to Enter a Briefing Schedule for Claim Construction Briefs* (D.I. 73, D.I. 89) and a dispute remains concerning the close of written discovery. Plaintiffs have produced documents as recently as October 12, 2010, months after Plaintiffs assert the date has passed, and Defendants should be permitted to conduct appropriate follow up discovery based on a review of these document productions. As such, Defendants believe that all facets of fact discovery shall close for all parties on March 1, 2011.

(c) **Disclosure of Expert Testimony**

*PLAINTIFFS' POSITION*

For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before 30 days after the Court's

*Markman* decision, or April 1, 2011, whichever is later. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due 45 days following that date. Reply reports on any issue first raised in the rebuttal reports are due 30 days following the service of rebuttal expert reports.

### *DEFENDANTS' POSITION*

For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before April 1, 2011. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before May 16, 2011. Reply reports on any issue first raised in the rebuttal reports are due on or before June 15, 2011.

(d)     **Expert Depositions**

Any party seeking to depose an expert witness shall notice and complete said deposition no later than 30 days from receipt of reply expert reports, unless otherwise agreed in writing by the parties or ordered by the Court.

(e)     **Objections to Expert Testimony**

To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be set forth in the proposed pretrial order, unless otherwise ordered by the Court.

(f)     **Discovery Matters**

Should counsel find they are unable to resolve a discovery matter, the parties involved in the discovery matter(s) shall contact chambers at (302) 573-4571 to schedule a telephone

conference. Not less than forty-eight (48) hours prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three (3) pages, outlining the issues in dispute and its position on those issues. Not less than twenty-four (24) hours prior to the conference, any party opposing the application for relief may file a letter, not to exceed three (3) pages, outlining that party's reasons for its opposition. Should any document(s) be filed under seal, a copy of the sealed document(s) must be provided to the Magistrate Judge within one (1) hour of e-filing the document(s). Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it. Disputes over protective orders or motions for extension of time for briefing case dispositive motions which are related to discovery matters are to be addressed in the first instance in accordance with this paragraph.

4. **Application to Court for Protective Order**

Counsel will submit, within ten days from the date of the Court's Amended Consolidated Scheduling Order, a proposed protective order bringing Apotex, Mylan, and Sun under the Protective Order entered in the Teva case.

5. **Papers Filed Under Seal**

When filing papers under seal, counsel should deliver to the Clerk an original and one copy of the papers.

6. **ADR Process**

The above-captioned matters are referred to Magistrate Judge Thynge to explore the possibility of alternative dispute resolution. If the parties agree that they would benefit from a settlement conference, the parties shall contact the Judge to schedule a settlement conference so as to be completed no later than the Pretrial Conference or a date ordered by the Court.

7. **Case Dispositive Motions**

*PLAINTIFFS' POSITION*

All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before August 8, 2011. Briefing will be presented pursuant to the Court's Local Rules. No case dispositive motion under Rule 56 may be filed more than ten (10) days before the above date without leave of the Court.

*DEFENDANTS' POSITION*

All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before August 8, 2011. Briefing will be presented pursuant to the Court's Local Rules. Defendants believe that there are issues in these litigations that may be resolved by summary judgment well before the August 8, 2011 deadline.

8. **Claim Construction Issue Identification**

On October 8, 2010, Plaintiffs, Teva, Apotex, and Mylan exchanged a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s). As provided for in the prior Scheduling Order, this document will not be filed with the Court. The parties (now including Sun) are meeting and confering to prepare a Joint Claim Construction Chart to be submitted contemporaneously with the parties' initial briefs on claim construction. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as

RLF1 3623671v. 1

those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

9. **Claim Construction**

The parties shall contemporaneously submit initial briefs on claim construction issues on November 22, 2010. The parties' answering/responsive briefs shall be contemporaneously submitted on December 20, 2010. No reply briefs or supplemental papers on claim construction shall be submitted without leave of the Court. Local Rule 7.1.3(4) shall control the page limitation for the initial (opening) and (answering) briefs.

10. **Hearing on Claim Construction**

On [~~the parties propose on or about~~ at 10 a.m.] January 19, 2011, the Court will hear ~~evidence and~~ argument on claim construction.

11. **Applications by Motion**

   (a) Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk. Unless otherwise requested by the Court, counsel shall not deliver copies of papers or correspondence to Chambers. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1. Briefs shall be limited to no more than ten (10) pages. Parties may file stipulated and unopposed Orders with the Clerk of the Court for the Court's review and signing. The Court will not consider applications and requests submitted by letter or in a form other than a motion.

   (b) No facsimile transmissions will be accepted.

   (c) No telephone calls shall be made to Chambers except as provided above in 3(f).

(d) Any party with a true emergency matter requiring the assistance of the Court shall e-mail Chambers. The e-mail shall provide a short statement describing the emergency.

12. **Pretrial Conference**

On October 14, 2011 at 10:00 a.m., the Court will hold a Final Pretrial Conference in Courtroom 2A. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Final Pretrial Order which accompanies this Scheduling Order on or before on or before September 30, 2011.

13. **Motions in Limine**

Motions in limine shall not be separately filed. All in limine requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall be limited to five in limine requests, unless otherwise permitted by the Court. The in limine request and any response shall contain the authorities relied upon; each in limine request may be supported by a maximum of three pages of argument and may be opposed by a maximum of three pages of argument. If more than one party is supporting or opposing an in limine request, such support or opposition shall be combined in a single three (3) page submission, unless otherwise ordered by the Court. No separate briefing shall be submitted on in limine requests, unless otherwise permitted by the Court.

15. **Trial**

The Court has set a trial date of November 14, 2011 in the *Warner Chilcott Company, LLC and Hoffmann-La Roche, Inc. v. Mylan Pharmaceuticals, Inc.*, civil action No. 10-285. There is no trial date set in the other consolidated cases captioned *The Procter & Gamble Company and Hoffmann-La Roche Inc. v. Teva Pharmaceuticals USA, Inc.*, civil action No. 08-627, *The Procter & Gamble Company and Hoffmann-La Roche Inc. v. Apotex, Inc. and Apotex Corp.*, civil action No. 09-143, and *The Procter & Gamble Company and Hoffmann-La Roche Inc. v. Sun Pharma Global, Inc.*, civil action No. 09-61.

October 29, 2010
DATE

UNITED STATES DISTRICT JUDGE