**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

```
-----------------------------------------   )
WARNER CHILCOTT COMPANY, LLC and            )
HOFFMANN-LA ROCHE INC.,                      )
                                             )
            Plaintiffs,                       )      C.A. No. 08-627-LPS
                                             )
v.                                           )
                                             )
TEVA PHARMACEUTICALS USA, INC.,              )
                                             )
            Defendant.                        )
-----------------------------------------   )
WARNER CHILCOTT COMPANY, LLC and            )
HOFFMANN-LA ROCHE INC.,                      )
                                             )
            Plaintiffs,                       )
                                             )      C.A. No. 09-143-LPS
v.                                           )      (consolidated with C.A. No. 08-627-LPS)
                                             )
APOTEX, INC. AND APOTEX CORP.,               )
                                             )
            Defendants.                       )
                                             )
-----------------------------------------   )
WARNER CHILCOTT COMPANY, LLC and            )
HOFFMANN-LA ROCHE INC.,                      )
                                             )
            Plaintiffs,                       )
                                             )      C.A. No. 10-285-LPS
v.                                           )      (consolidated with C.A. No. 08-627-LPS)
                                             )
MYLAN PHARMACEUTICALS, INC.,                 )
                                             )
            Defendant.                        )
                                             )
-----------------------------------------   )
WARNER CHILCOTT COMPANY, LLC and            )
HOFFMANN-LA ROCHE INC.,                      )
                                             )
            Plaintiffs,                       )
                                             )      C.A. No. 09-61-LPS
v.                                           )      (consolidated with C.A. No. 08-627-LPS)
                                             )
```

SUN PHARMA GLOBAL, INC.                              )
                                                    )
                    Defendant.                       )
                                                    )
                                                    )
------------------------------------------------    )
------------------------------------------------    )
WARNER CHILCOTT COMPANY, LLC and                    )
HOFFMANN-LA ROCHE INC.,                             )
                                                    )
                    Plaintiffs,                      )      C.A. No. 11-81-LPS
                                                    )
v.                                                  )
                                                    )
TEVA PHARMACEUTICALS USA, INC.,                     )
                                                    )
                    Defendant.                       )
------------------------------------------------    )
WARNER CHILCOTT COMPANY, LLC and                    )
HOFFMANN-LA ROCHE INC.,                             )
                                                    )
                    Plaintiffs,                      )
                                                    )      C.A. No. 10-1111-LPS
v.                                                  )
                                                    )
APOTEX, INC. AND APOTEX CORP.,                      )
                                                    )
                    Defendants.                      )
                                                    )
------------------------------------------------    )
WARNER CHILCOTT COMPANY, LLC and                    )
HOFFMANN-LA ROCHE INC.,                             )
                                                    )
                    Plaintiffs,                      )
                                                    )      C.A. No. 11-236-UNA
v.                                                  )
                                                    )
MYLAN PHARMACEUTICALS, INC.,                        )
                                                    )
                    Defendant.                       )
                                                    )
------------------------------------------------    )
WARNER CHILCOTT COMPANY, LLC and                    )
HOFFMANN-LA ROCHE INC.,                             )
                                                    )
                    Plaintiffs,                      )

|  | ) | C.A. No. 10-1085-LPS |
|---|---|---|
| v. | ) | |
| | ) | |
| SUN PHARMA GLOBAL, INC. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| ------------------------------------------------------- | ) | |

## (PROPOSED) AMENDED CONSOLIDATED RULE 16 SCHEDULING ORDER

The above-captioned cases have been consolidated for pretrial purposes and Plaintiffs Warner Chilcott Company, LLC ("Warner Chilcott") and Hoffmann-La Roche Inc. ("Roche"), and Defendants Teva Pharmaceuticals USA, Inc. ("Teva"), Apotex, Inc. and Apotex Corp. (collectively, "Apotex"), Mylan Pharmaceuticals, Inc. ("Mylan"), and Sun Pharma Global, Inc. ("Sun") have satisfied their obligations under Fed. R. Civ. P. 26(f).

IT IS ORDERED that:

1. **Pre-Discovery Disclosures.** The parties have exchanged the information required by Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.1.

2. **Discovery**

    (a) **Limitations on Written Discovery**

        (i) Maximum of 40 interrogatories, including contention interrogatories, for Plaintiffs jointly; 40 interrogatories, including contention interrogatories, for each Defendant.

        (ii) Maximum of 40 requests for admission for Plaintiffs jointly; 40 requests for admission for each Defendant. These limitations exclude requests to authenticate documents, which are not limited in number.

    (b) **Limitations on Deposition Discovery**

Maximum of 20 depositions collectively by Plaintiffs and 20 depositions collectively by Defendants, excluding expert depositions, unless otherwise agreed by the parties.

All such depositions taken by Defendants are to be conducted jointly among the Defendants, i.e., all Defendants are to receive notice of the depositions, may attend the deposition and each Defendant attending the deposition may pose questions. All depositions taken by Defendants may be used by any Defendant in any of the consolidated cases, regardless of whether that Defendant attended the deposition.

The depositions taken by Defendants are limited to fourteen (14) hours if the deponent testifies in English or twenty-one (21) hours if the deponent testifies in another language.

A deposition noticed under Fed.R.Civ.P. 30(b)(6) shall count as one deposition, regardless of the number of topics contained in the notice. The parties may issue more than one notice under Rule 30(b)(6) (including more than one notice to the same party); each such notice counts as a separate deposition. All Rule 30(b)(6) depositions of Plaintiffs shall take place in Delaware, or a mutually agreed upon location, and all Rule 30(b)(6) depositions of Defendants shall take place where the witness is located, or a mutually agreed upon location. Defendants may divide the total deposition time among themselves however they choose.

Plaintiffs shall produce any witness that one of the Plaintiffs controls for deposition in Delaware, or a mutually agreed upon location. Each Defendant shall produce any witness that it controls for deposition in the place the witness is located, or a mutually agreed upon location. Plaintiffs shall not require Defendants to follow the Hague Convention in noticing depositions of any witness Plaintiff controls.

The parties shall cooperate in scheduling depositions of any foreign witnesses who are not controlled by any of the parties and who are not willing to travel to the United States for their depositions.

(c)     **Fact Discovery**

Fact discovery shall close on August 12, 2011.

(c)     **Disclosure of Expert Testimony**

For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before September 16, 2011. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before October 21, 2011. Reply reports on any issue first raised in the rebuttal reports are due on or before November 18, 2011.

(d)     **Expert Depositions**

Any party seeking to depose an expert witness shall notice and complete said deposition no later than January 13, 2012, unless otherwise agreed in writing by the parties or ordered by the Court.

(e)     **Objections to Expert Testimony**

To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be set forth in the proposed pretrial order, unless otherwise ordered by the Court.

(f)     **Discovery Matters**

Should counsel find they are unable to resolve a discovery matter, the parties involved in the discovery matter(s) shall contact chambers at (302) 573-4571 to schedule a telephone

conference. Not less than forty-eight (48) hours prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three (3) pages, outlining the issues in dispute and its position on those issues. Not less than twenty-four (24) hours prior to the conference, any party opposing the application for relief may file a letter, not to exceed three (3) pages, outlining that party's reasons for its opposition. Should any document(s) be filed under seal, a copy of the sealed document(s) must be provided to the Court within one (1) hour of e-filing the document(s). Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it. Disputes over protective orders or motions for extension of time for briefing case dispositive motions which are related to discovery matters are to be addressed in the first instance in accordance with this paragraph.

3. **Application to Court for Protective Order**

The parties have stipulated to, and the Court has entered, an appropriate Protective Order in this consolidated case.

4. **Papers Filed Under Seal**

When filing papers under seal, counsel should deliver to the Clerk an original and one copy of the papers.

5. **ADR Process**

The above-captioned matters are referred to Magistrate Judge Thynge to explore the possibility of alternative dispute resolution. If the parties agree that they would benefit from a settlement conference, the parties shall contact the Judge to schedule a settlement conference so as to be completed no later than the Pretrial Conference or a date ordered by the Court.

6.    **Case Dispositive Motions**

All case dispositive motions, an opening brief, and affidavits, if any, in support of the

motion shall be served and filed on or before February 24, 2012.  Opposition briefs, and

affidavits, if any, shall be served and filed on or before March 26, 2012.  Any reply brief shall be

served and filed on or before April 10, 2012.  No case dispositive motion under Rule 56 may be

filed more than ten (10) days before the above date without leave of the Court.

7.    **Claim Construction Issue Identification**

By March 28, 2011, the parties shall exchange a list of those claim term(s)/phrase(s) that

they believe need construction and their proposed claim construction of those term(s)/phrase(s).

As provided for in the prior Scheduling Order, this document will not be filed with the Court.

The parties shall meet and confer to prepare a Joint Claim Construction Chart to be submitted

contemporaneously with the parties' initial briefs on claim construction. The parties' Joint Claim

Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue,

and should include each party's proposed construction of the disputed claim language with

citation(s) only to the intrinsic evidence in support of their respective proposed constructions.  In

this joint submission, the parties shall not provide argument.  The parties shall submit to the

Court a Joint Appendix of Intrinsic and Extrinsic Evidence (the "Joint Appendix") containing all

intrinsic and extrinsic evidence relied upon in the claim construction briefing.  The Joint

Appendix shall be filed within two days of the answering claim construction briefs.

8.    **Claim Construction**

The Plaintiffs collectively and the Defendants collectively shall contemporaneously

submit initial briefs on claim construction issues arising from patents common to all of the

consolidated cases on April 11, 2011.  The parties' answering/responsive briefs on these

common claim construction issues shall be contemporaneously submitted on May 16, 2011.

Opening briefs on such common issues shall be limited to 35 pages, and reply briefs on such

common issues shall be limited to 20 pages.  For claim construction issues arising from any

patent that is not common to all cases, Plaintiffs collectively and Defendants collectively (all as

applicable) shall submit separate briefs according to the same schedule but subject to the

ordinary page limitations of Local Rule 7.1.3(a)(4).  No reply briefs or supplemental papers on

claim construction shall be submitted without leave of the Court.

      9.     **Hearing on Claim Construction**

On June 14, 2011 at 10:00 am, the Court will hear argument on claim construction.

      10.     **Applications by Motion**

      (a)     Except as otherwise specified herein, any application to the Court shall be

by written motion filed with the Clerk. Unless otherwise requested by the Court, counsel shall

not deliver copies of papers or correspondence to Chambers. Any non-dispositive motion should

contain the statement required by Local Rule 7.1.1.  Briefs shall be limited to no more than ten

(10) pages.  Parties may file stipulated and unopposed Orders with the Clerk of the Court for the

Court's review and signing.  The Court will not consider applications and requests submitted by

letter or in a form other than a motion.

      (b)     No facsimile transmissions will be accepted.

      (c)     No telephone calls shall be made to Chambers except as provided above in

3(f).

      (d)     Any party with a true emergency matter requiring the assistance of the

Court shall e-mail Chambers.  The e-mail shall provide a short statement describing the

emergency.

11.    **Pretrial Conference**

On July 2, 2012 at 3:00 pm, the Court will hold a Final Pretrial Conference in Courtroom

2A. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial

order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3).

The parties shall file with the Court the joint proposed final pretrial order with the information

required by the form of Final Pretrial Order which accompanies this Scheduling Order on or

before on or before June 18, 2012.

12.    **Motions in Limine**

Motions in limine shall not be separately filed. All in limine requests and responses

thereto shall be set forth in the proposed pretrial order.  Each party shall be limited to five in

limine requests, unless otherwise permitted by the Court. The in limine request and any response

shall contain the authorities relied upon; each in limine request may be supported by a maximum

of three pages of argument and may be opposed by a maximum of three pages of argument. If

more than one party is supporting or opposing an in limine request, such support or opposition

shall be combined in a single three (3) page submission, unless otherwise ordered by the Court.

No separate briefing shall be submitted on in limine requests, unless otherwise permitted by the

Court.

13.    **Trial**

A one-week bench trial will commence on July 23, 2012.


_____            _____
DATE                                    UNITED STATES DISTRICT JUDGE