# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WARNER CHILCOTT COMPANY, LLC and HOFFMANN-LA ROCHE, INC., )<br><br>Plaintiffs, )<br><br>v. )<br><br>APOTEX INC. and APOTEX CORP., )<br><br>Defendants. ) | Civil Action No. 1:08-cv-627-LPS<br>Civil Action No. 1:09-cv-143-LPS<br>Civil Action No. 1:10-cv-1111-LPS<br>CONSOLIDATED |

## NOTICE OF SERVICE OF SUBPOENA

Please take notice that on June 23, 2011 Apotex Inc. and Apotex Corp. caused the attached subpoena to be served on Bruce DeMark.

Dated: June 28, 2011

                                                                */s/ Richard W. Riley*
                                                                Richard W. Riley (DE #4052)
                                                                DUANE MORRIS LLP
                                                                222 Delaware Avenue, Suite 1600
                                                                Wilmington, Delaware 19801-1659
                                                                Telephone: (302) 657-4900
                                                                Facsimile: (302) 657-4901

                                                                *Counsel for Defendants*
                                                               *Apotex Inc. and Apotex Corp*

*Of Counsel:*

Steven E. Feldman
Louise T. Walsh
Philip D. Segrest, Jr.
Sherry L. Rollo
HUSCH BLACKWELL LLP
120 S. Riverside Plaza – Suite 2200
Chicago, Illinois 60606
Phone: (312) 655-1500
Fax: (312) 655-1501

DM3\1828790.1

AO88 (Rev. 12/06) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

Southern DISTRICT OF Ohio

Warner Chilcott Company, LLC and Hoffmann-La Roche Inc.

V.

Apotex, Inc. and Apotex Corp.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 09-CV-143 (District of Delaware)

TO: Bruce DeMark
7599 Fawnmeadow Lane
Cincinnati, Ohio 45241-3675

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. By stenographic and videographic means.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Mike Mobley Reporting<br>1600 Scripps Center, 312 Walnut Street, Cincinnati, Ohio 45202 | 7/7/2011 9:00 am |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Louise T. Walsh* - attorney for Apotex | 6/22/11 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Louise T. Walsh, Husch Blackwell LLP, 120 S. Riverside Plaza, 22nd Floor, Chicago, IL 60606

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

---

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____       _____
                        DATE                                                         SIGNATURE OF SERVER

                                                                               _____
                                                                               ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
 (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
 (2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
  (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises—or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
 (3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
  (i) fails to allow reasonable time for compliance;
  (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
  (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
  (iv) subjects a person to undue burden.
  (B) If a subpoena
  (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
  (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
  (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
 (1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
  (B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
  (C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
  (D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
 (2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
  (B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

# Affidavit of Process Server

Warner Chilcott (et al) vs Apotex Inc, et al, 09cv143
Plaintiff/Petitioner — Defendant/Respondent — Case#

Being duly sworn, on my oath, I **JACK R. LATHAM**
declare that I am a citizen of the United States, over the age of eighteen and not a party to this action.

**Service:** I served **Bruce Demak**
NAME OF PERSON/ENTITY BEING SERVED

with the (documents) ☒ Subpoena with $45.00 witness fee and mileage

@ 7599 Fawn Meadow Lane
Cincinnati, OH

by serving (NAME) Him in Person
at ☒ Home  7599 Fawn Meadow Ln Cincinnati OH
☐ Business
☐ on (DATE) June 23, '11 at (TIME) 4:35 pm

Thereafter copies of the documents were mailed by prepaid, first class mail on (DATE) _____
From (CITY) _____ (STATE) _____

**Manner of Service:**
☐ By Personal Service
☐ By delivering, during office hours, copies at the office of the person/entity being served, leaving same with the person apparently in charge thereof, namely,
☐ By leaving a copy at the defendant's usual place of abode, with some person of the family or a person residing there, of the age of 13 years or upwards, and informing that person of the general nature of the papers
☐ By posting copies in a conspicuous manner to the address of the person/entity being served.

**Non-Service:** After due search, careful inquiry and diligent attempts at the address(es) listed above, I have been unable to effect process upon the person/entity being served because of the following reason(s):
☐ Unknown at Address  ☐ Evading  ☐ Other: _____
☐ Address does not exist  ☐ Service cancelled by litigant
☐ Moved, Left no forwarding  ☐ Unable to serve in a timely fashion

**Service Attempts:** Service was attempted on: ( ) 6-23-11 4:35 pm ( ) ( )

**Description:**
☒ Male  ☒ White Skin  ☒ Black Hair  ☐ White Hair  ☐ 14-20 Yrs.  ☐ Under 5'  ☐ Under 100 Lbs.
☐ Female  ☐ Black Skin  ☐ Brown Hair  ☐ Balding  ☐ 21-35 Yrs.  ☐ 5'-5'3"  ☐ 100-130 Lbs.
☐ Brown Skin  ☐ Blond Hair  ☐ 36-50 Yrs.  ☐ 5'4"-5'8"  ☐ 131-160 Lbs.
☐ Glasses  ☐ Yellow Skin  ☐ Gray Hair  ☐ Mustache  ☒ 51-65 Yrs.  ☒ 5'9"-6'  ☒ 161-200 Lbs.
☐ Red Skin  ☐ Red Hair  ☐ Beard  ☐ Over 65 Yrs.  ☐ Over 6'  ☐ Over 200 Lbs.

OTHER IDENTIFYING FEATURES: _____

State of Illinois County of Cook

Subscribed and sworn to before me
A notary public, this 24 day of June, 20 11

_Notary signature_
Notary Public

SERVED BY
LASALLE PROCESS SERVERS
ILLINOIS PRIVATE DETECTIVE LICENSE# 117-001432

CHARTER MEMBER NATIONAL ASSOCIATION OF PROFESSIONAL PROCESS SERVERS

CELINE M. ESTILL
NOTARY PUBLIC
STATE OF OHIO
Recorded in
Clermont County
My Comm. Exp. 7/11/15

7-11-15

# CERTIFICATE OF SERVICE

I, Richard W. Riley, hereby certify that on June 28, 2011 this Notice of Service of Subpoena was electronically filed with the Clerk of the Court using CM/ECF and served upon the following counsel of record as indicated below:

**VIA EMAIL**
Frederick L. Cottrell, III
Stephen J. Fineman
Laura Hatcher
**RICHARDS, LAYTON & FINGER, PA**
One Rodney Square
920 N. King Street
Wilmington, DE 19801
*Cottrell@rlf.com*
*Fineman@rlf.com*
*Hatcher@rlf.com*

**VIA EMAIL**
Karen L. Pascale
**YOUNG, CONAWAY, STARGATT & TAYLOR**
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
*kpascale@ycst.com*

**VIA E-MAIL**
William F. Lee
Vinita Ferrera
Hollie L. Baker
Allen C. Nunnally
Sadaf Abdullah
**WILMER CUTLER PICKERING HALE AND DORR LLP**
60 State Street
Boston, MA 02109
*william.lee@wilmerhale.com*
*vinita.ferrera@wilmerhale.com*
*hollie.baker@wilmerhale.com*
*allen.nunnally@wilmerhale.com*
*sadaf.abdullah@wilmerhale.com*

**VIA E-MAIL**
James Galbraith
Maria Luisa Palmese
A. Anthony Pfeffer
Peter L. Giunta
**KENYON & KENYON LLP**
One Broadway
New York, NY 10004-1007
*jgalbraith@kenyon.com*
*mpalmese@kenyon.com*
*apfeffer@kenyon.com*
*pgiunta@kenyon.com*

**VIA E-MAIL**
David B. Bassett
**WILMER CUTLER PICKERING HALE AND DORR LLP**
399 Park Avenue
New York, New York 10022
*david.bassett@wilmerhale.com*

**VIA E-MAIL**
Mark E. Waddell
**LOEB & LOEB LLP**
345 Park Avenue
New York, New York 10154-1895
*mwaddell@loeb.com*

DM3\1828790.1

| | |
|---|---|
| **VIA E-MAIL**<br>John C. Phillips, Jr.<br>Megan C. Haney<br>Phillips, Goldman & Spence, P.A.<br>1200 North Broom Street<br>Wilmington, DE 19806<br>*jcp@pgslaw.com*<br>*mch@pgslaw.com* | **VIA E-MAIL**<br>Eric C. Cohen<br>Jeremy C. Daniel<br>Katten Muchin Rosenman LLP<br>525 W. Monroe Street<br>Chicago, IL 60661<br>*eric.cohen@kattenlaw.com*<br>*jeremy.daniel@kattenlaw.com* |
| **VIA E-MAIL**<br>Mary B. Matterer<br>Morris James LLP<br>500 Delaware Avenue, Suite 1500<br>Wilmington, DE 19801-1494<br>*mmatterer@morrisjames.com*<br>*aquinlan@morrisjames.com* | **VIA E-MAIL**<br>Esgar H. Haug<br>Robert E. Colletti<br>Richard E. Parke<br>Frommer Lawrence & Haug LLP<br>745 Fifth Avenue<br>New York, NY 10151<br>*ehaug@flhlaw.com*<br>*rcolletti@flhlaw.com*<br>*rparke@flhlaw.com* |

Dated: June 28, 2011                                 */s/ Richard W. Riley*
                                                                   Richard W. Riley (DE #4052)

DM3\1828790.1