

**David E. Moore**
Partner
Attorney at Law
dmoore@potteranderson.com
302 984-6147  Direct Phone
302 658-1192  Fax

1313 North Market Street
P.O. Box 951
Wilmington, DE  19899-0951
302 984-6000

www.potteranderson.com

August 8, 2011

**VIA ELECTRONIC FILING**

The Honorable Leonard P. Stark
United States District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 North King Street
Wilmington, DE  19801

      Re:    *The Procter & Gamble Company, et al., v. Teva Pharmaceuticals USA, Inc.*,
               C.A. No. 08-627-LPS (Consolidated)

Dear Judge Stark:

      We represent defendants Apotex, Inc. and Apotex Corp. ("Apotex") in the above-referenced actions consolidated for pretrial purposes with Civil Action No. 08-627-LPS.  We write on behalf of all co-defendants to address the single discovery dispute over the appropriate scope of a one month extension of the current August 12th fact discovery deadline under the Court's January 5th Amended Consolidated Rule 16 Scheduling Order ("Amended Scheduling Order")(DI 125).[1]  In all other respects, co-defendants do not object to Plaintiffs' proposed revised deadlines for the Amended Scheduling Order.

      All defendants agree that an extension of fact discovery is necessary and should be an extension of full fact discovery, both written and deposition, and not, as plaintiffs argue, an extension to complete discovery already served or depositions that have been noticed or could be noticed before August 12th.  Specifically, defendants seek the right to serve additional written discovery before the current August 12th fact discovery deadline (so that responses are due before the proposed September 12th fact discovery deadline).  Defendants also seek the right to serve additional deposition notices after August 12th.

      There are two compelling reasons why the scope of the one-month extension of discovery should permit service of written discovery and additional deposition notices.  First, as recently as July 29th, plaintiffs produced more than 100,000+ pages of additional documents.  Given the timing of this production, defendants could not have factored these documents into consideration when framing additional written discovery to be served by July 12th.  Nor did these documents

---

[1] Plaintiffs' August 5th letter mistakenly represents the position of co-defendant Sun Pharma Global FZE.  In fact, Sun Pharma Global FZE joins its co-defendants position as reflected herein.

The Honorable Leonard P. Stark
August 8, 2011
Page 2

factor into the decision as to which additional witnesses defendants may seek to depose. This recent production of 100,000+ documents alone warrants the time necessary to propound additional written discovery before August 12th and notice additional depositions after August 12th. In addition, because so many of plaintiffs' witnesses have been scheduled for deposition after July 12th, defendants did not have the opportunity to consider this deposition testimony in connection with framing additional written discovery. Allowing written discovery to be served up to August 12th provides defendants an opportunity to serve additional written discovery in light of the testimony obtained from plaintiffs' witnesses who were not made available for deposition until late in the fact discovery period.

Second, plaintiffs have also unreasonably delayed in providing witnesses for deposition so as to frustrate any opportunity for defendants to engage in reasonable follow-up discovery under the Court's current Amended Scheduling Order. For example, co-defendants have sought the depositions of Messrs. Vandenberg and Dyck for months. Despite repeated requests, plaintiffs have failed to provide dates for these depositions. As such, defendants have not served deposition notices for these witnesses. According to plaintiffs, defendants must serve deposition notices for these witnesses before August 12th in order to preserve the right to take their depositions but plaintiffs still have not told defendants when the witnesses will be available. Defendants, following past practice, continue to seek available dates for taking depositions of witnesses before issuing deposition notices. The fact that plaintiffs have failed to provide available dates should not foreclose defendants from serving deposition notices after August 12th once plaintiffs provide available deposition dates.

Despite defendants' diligent efforts to schedule depositions well in advance of the current fact discovery deadline, plaintiffs have been dilatory in providing available dates and have rescheduled several previously noticed depositions. As a result, many depositions have now been pushed beyond the current August 12th deadline. Just last night, plaintiffs canceled the August 11th & 12th deposition of April Mitchell, which defendants have sought for months. Today, plaintiffs also rescheduled the deposition of Mr. Wildman. These depositions will now take place after August 12th. Under Plaintiffs' position, should these witnesses identify additional individuals that may have relevant knowledge, defendants would be precluded from serving additional deposition notices. Since plaintiffs control these witnesses, including their availability, defendants should not be penalized for seeking additional depositions based upon information learned from any depositions taking place after August 12th.

Contrary to plaintiffs' position, the additional discovery sought by defendants is not unnecessary and counterproductive. Rather, it is necessary in light of present circumstances and to ensure that defendants are not foreclosed from needed discovery because of plaintiffs' dilatory tactics in producing documents and scheduling witnesses for deposition. Defendants respectfully request that the one-month extension of fact discovery, as plaintiffs have proposed, should include the right to serve follow-up written and deposition discovery that may be completed by September 12th.

                                              Respectfully,

                                              */s/ David E. Moore*

                                              David E. Moore

DEM:nmt/1023145/37145

cc:     Clerk of Court (via hand delivery)
          Counsel of Record (via electronic mail)