

1313 North Market Street
P.O. Box 951
Wilmington, DE  19899-0951
302 984-6000

**www.potteranderson.com**

**Richard L. Horwitz**
Partner
Attorney at Law
rhorwitz@potteranderson.com
302 984-6027  Direct Phone
302 658-1192  Fax

September 1, 2011

**VIA ELECTRONIC FILING**
The Honorable Leonard P. Stark
United States District Court
844 N. King Street
Wilmington, DE  19801

      Re:    *Warner Chilcott Company LLC, et al., v. Teva Pharmaceuticals USA, Inc.*,
             C.A. No. 08-627-LPS (Consolidated)

Dear Judge Stark:

      We represent Defendants Apotex Inc. and Apotex Corp. ("Apotex") in the above-consolidated actions. We write in response to Roche's request for an order disqualifying Dr. Dennis Black from testifying on behalf of Apotex, or, in the alternative, an order requiring Dr. Black to execute a Supplemental Protective Order Undertaking before providing expert consultation or testimony.

**Summary.**    Dr. Black should not be disqualified because the only confidential information he has received from Roche is confidential information that he would otherwise be entitled to receive by signing the Undertaking to the Stipulated Protective Order in this case. He has not received any privileged attorney work product, nor has he been privy to Roche's legal strategies, relating to this litigation. For that reason alone, Roche has not satisfied its burden to show that Dr. Black should be disqualified.

**Legal Analysis.**    Disqualification of an expert is a drastic measure that should only occur in rare circumstances where it is absolutely necessary. *Syngenta Seeds, Inc. v. Monsanto Co.*, C.A. No. 02-1331-SLR, 2004 WL 2223252, at *1 (D. Del. Sep. 27, 2004); *see also Palmer v. Ozbek*, 144 F.R.D. 66, 67 (D. Md. 1992) ("Courts are generally reluctant to disqualify expert witnesses.").

      Roche must bear the burden of demonstrating that (1) it was objectively reasonable for Roche to have concluded that a confidential relationship existed between it and the expert, and (2) that confidential or privileged information was actually disclosed to the expert. *Syngenta Seeds*, 2004 WL 2223252, at *1. An expert should be disqualified if both inquires are answered in the affirmative. Disqualification, however, is inappropriate if either question is answered in the negative. *Koch Refining Co. v. Boudreaux MV*, 85 F.3d 1178, 1181 (5th Cir. 1996); *United States ex rel. Cherry Hill Convalescent Center, Inc. v. Healthcare Rehab Sys., Inc.*, 994 F. Supp. 244, 249 (D.N.J. 1997). Roche has not satisfied its burden as to either prong.

      **1.**    **No Evidence That Confidential Information Was Disclosed.**    Even if it was reasonable for Roche to believe that a confidential relationship existed, there is no evidence that

any confidential information concerning this litigation was disclosed to Dr. Black. Roche contends, without any substantiation, that Dr. Black has received confidential information related to issues in these actions, including monthly dosing of bisphosphonates to treat and prevent osteoporosis. Roche also claims that Dr. Black received confidential information while serving as an expert witness for Roche in the Procter & Gamble litigation, in which P&G alleged that Roche falsely advertising its Boniva® drug (ibandronate), which is a competitor to P&G's (now Warner Chilcott's) Actonel® drug (risedronate). *See Procter & Gamble Pharms., Inc. v. Hoffmann-La Roche Inc.*, No. 06 Civ. 0034 (PAC), 2006 WL 2588002 (S.D.N.Y. Sep. 6, 2006). In that case, however, Dr. Black provided technical consultation services to Roche regarding Roche's drug Boniva®, known generically as ibandronate. The drug at issue in this case is Warner Chilcott's drug Actonel®, known generically as risedronate. Although they both belong to the class of drugs known as bisphosphonates, risedronate and ibandronate are different drugs. Also, this is a patent infringement case, not a false advertising case, and the issues on which Dr. Black would be testifying in the present are different than the issues he addressed in the false advertising case.

In any event, none of the subjects identified by Roche on which Dr. Black provided consultation, have to do with information that Roche claims is privileged. Indeed, in its New Jersey motion, Roche cites to "documents produced by Roche to Apotex" as showing that Dr. Black received Roche confidential information sufficient to meet the second prong of the standard for disqualification. This is not the type of confidential information that subjects an expert to disqualification.

In the context of expert disqualification, confidential information includes: "'discussion of the [retaining party's] strategies in the litigation, the kinds of expert [the party] expected to retain, [the party's] views of the strengths and weaknesses of each side, the role of each of the [party's] witnesses to be hired, and anticipated defenses.'" *Cherry Hill Convalescent Center, Inc.*, 994 F. Supp. at 250 (quoting *Koch Refining Co.*, 85 F.3d at 1182). In *Cherry Hill*, the court distinguished between confidential business or technical information from confidential communications or documents pertaining to litigation. *Cherry Hill*, 994 F. Supp. at 251.

> The key distinction to be made in the context of expert disqualification is between confidential information that is disclosed to the expert, but that is nevertheless discoverable by the opposing party, and confidential information that is privileged, attorney work product, or otherwise inaccessible to the opposing party…Only the disclosure of confidential information that the opposing party would be unable to obtain through discovery should form a basis for disqualification.

*Twin City Fire Ins. Co., Inc. v. Mitsubishi Motors Credit of America, Inc.*, No. SACV 04-0043 CAS (MLGx), 2006 WL 5164249, at *4 (C.D.Cal. Nov. 6, 2006) (citation omitted).

The key question is whether the expert "had reasonable access to [the party's] privileged communications and strategies which would cause prejudice to [the party] if disclosed to [the adverse party]." *Palmer*, 144 F.R.D. at 67. If Dr. Black only received information that Apotex could obtain through discovery in this litigation, then Dr. Black's possession of such "confidential" information would not prejudice Roche. *See Twin City Fire Ins.*, 2006 WL 5164249, at *4.

Roche does not contend that it disclosed any information to Dr. Black that was privileged, attorney work product concerning the present litigation. The only confidential information it claims was provided to Dr. Black has been produced in discovery to Apotex. Such information may be disclosed to Dr. Black upon signing the Undertaking under the Stipulated Protective Order in this case.

**2.   No Evidence Of A Confidential Relationship.**   Dr. Black has consulted only sporadically with affiliates of Roche regarding its Boniva® drug over several years. He has also consulted with other pharmaceutical companies on their drugs, including other bisphosphonates. Dr. Black has no special relationship with Roche. The majority of Dr. Black's consultations with Roche or its affiliates were not related to litigation. Only once has Dr. Black served as Roche's expert in litigation and that was five years ago in the false advertising case between P&G and Roche, discussed above.

Roche did not try to retain Dr. Black as an expert for this litigation or for the litigation in New Jersey involving Roche's ibandronate drug. Dr. Black's sporadic consultation services as a technical advisor on subjects generally related to ibandronate but unrelated to the patent issues in this litigation is not sufficient for an objectively reasonable belief that a confidential relationship exists between Roche and Dr. Black.

<u>**No Supplemental Undertaking Is Necessary**</u>.   There is nothing in the language of Fed. R. Civ. P. 26(b)(4)(B) that precludes a party from retaining an expert previously consulted by his opponent. *Palmer*, 144 F.R.D. at 67. Apotex did not act improperly by retaining Dr. Black. Apotex provided the signed undertaking of Dr. Black to Warner Chilcott and Roche pursuant to the Stipulated Protective Order in this case. (D.I. 31 in No. 08-627, filed August 13, 2009.) The Protective Order allows Protected Information designated by Warner Chilcott and Roche to be provided to a retained expert or consultant provided the expert execute an undertaking to maintain the confidentiality of the Protected Information. Since the only confidential information identified as being disclosed to Dr. Black by Roche is information that was produced by Roche in discovery, the undertaking previously executed by Dr. Black should be sufficient to protect Roche's interest in its confidential information.

<u>**Conclusion**</u>.   Roche's motion to disqualify Dr. Black should be rejected and no further undertaking should be ordered.

Respectfully,

*/s/ Richard L. Horwitz*

Richard L. Horwitz (#2246)

RLH/nmt:1026033/37145

cc:   Clerk of the Court (via hand delivery)
       Counsel of Record (via electronic mail)