IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WARNER CHILCOTT COMPANY, LLC. )<br>and HOFFMANN-LA ROCHE INC. )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>)<br>)<br>APOTEX INC. and APOTEX CORP. )<br>)<br>Defendants. ) | Civil Action no. 09-143-LPS<br><br>(consolidated with Civil Action No.<br>08-627-LPS) |

### NOTICE OF SECOND AMENDED SUBPOENA

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, defendants Apotex, Inc. and Apotex Corp. will serve the attached second amended subpoena in the above-referenced action.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Steven E. Feldman
Louise T. Walsh
Philip D. Segrest, Jr.
Sherry L. Rollo
HUSCH BLACKWELL, LLP
120 South Riverside Plaza, Suite 2200
Chicago, Illinois 60606

Dated: September 15, 2011
1027584 / 37145

By: /s/ David E. Moore
Richard L. Horwitz (#2246)
David E. Moore (#3983)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendants*
*Apotex, Inc. and Apotex Corp.*

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of New Jersey

| Warner Chilcott Company and Hoffmann-La Roche | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 09-cv-143 |
| Apotex, Inc. and Apotex Corp. | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | District of Delaware ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Maurice Gately, c/o Joshua R. Rich
McDonnell Boehnen Hulbert & Berghoff LLP, 300 South Wacker Drive, Chicago, IL 60606

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: The Offices of Connell Foley<br>85 Livingston Avenue<br>Roseland, New Jersey 07068 | Date and Time:<br>10/05/2011 9:00 am |
|---|---|

The deposition will be recorded by this method: __stenographic means and videotaped__

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

See Attached Schedule A

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 9/14/11

_____         _____
*Signature of Clerk or Deputy Clerk*                      *Attorney's signature*

CLERK OF COURT         OR

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* __Defendants__ Apotex Inc. and Apotex Corp._____, who issues or requests this subpoena, are:

Sherry L. Rollo
Husch Blackwell LLP
120 S. Riverside Plaza, 22nd Fl., Chicago, IL 60606  (312) 655-1500  sherry.rollo@huschblackwell.com

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 09-cv-143

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## SCHEDULE A

## DEFINITIONS AND INSTRUCTIONS

A. **You, Your, Yourself, and Gately.** The terms "you", "your", "yourself", and "Gately" shall mean Maurice Gately.

B. **P&G.** The term "P&G" shall mean Proctor and Gamble Co. and all of their corporate parents corporate predecessors, and past or present subsidiaries, affiliates, divisions, departments, officers, directors, principals, agents and employees.

C. **Warner Chilicott.** The term "Warner Chilicott" shall mean Plaintiff Warner Chilicott Company, LLC and all of their corporate parents, corporate predecessors, and past or present subsidiaries, affiliates, divisions, departments, officers, directors, principals, agents and employees.

D. **Roche.** The term "Roche" shall mean Plaintiff Hoffman-La Roche Inc. and all of their corporate parents, corporate predecessors, and past or present subsidiaries, affiliates, divisions, departments, officers, directors, principals, agents and employees.

E. **Sanofi.** The term "Sanofi" shall mean Sanofi-aventis U.S. and all of their corporate parents, corporate predecessors, and past or present subsidiaries, affiliates, divisions, departments, officers, directors, principals, agents and employees.

F. **Parties.** The terms "plaintiff" and "defendants" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parents subsidiaries, affiliates, or predecessors in interest. This definition is not intended to impose a discovery

obligation on any person who is not a party to the litigation unless that person is obligated to co-operate with Warner Chilicott and/or Roche with regard to the instant action.

G. **Risedronate.** The term "risedronate" is defined as risedronate sodium, including all derivatives thereof.

H. **Communication.** The term "communication" means the transmittal of information in the form of facts, ideas, inquiries, or otherwise.

I. **Concern(s), Concerning, Concerned with, Relate(s) or Relating to.** The terms "Concern(s)", "Concerning", "Concerned with", "Relate(s)" or "Relating to" are used interchangeably and mean concerning, evidencing, pertaining to, referring to, mentioning, memorializing, commenting on, containing, identifying, connecting with, contemplating, discussing, stating, describing, reflecting, dealing with, consisting of, constituting, comprising, recording, or being relevant to all or any portion of the specified fact, condition, events or incidents.

J. **Date.** The term "date" means the exact day, month and year, if known or ascertainable, or, if not, the best approximation possible, including the temporal relationship to other events.

K. **Document.** The term "document" shall mean every possible means of recording any form of communication or representation upon any tangible thing, including letters, numbers, words, pictures, sounds, symbols, or combination thereof, whether recorded by handwriting, printing, photostatic, or photographic means, electronically stored information, including stored on magnetic impulse, tape, computer disk, CD-ROM or any other form of data storage, data compilation, or mechanical or electronic recording, and all other tangible things which come within the meaning of

writing contained in Rule 1001 of the Federal Rules of Evidence, or within the meaning of "document" or "tangible thing" contained in Rule 34 of the Federal Rules of Civil Procedure.

    L.    **Person.**    The term "person" is defined as any natural person or any business, legal or governmental entity or association, and any functional division thereof.

    M.    The following **rules of construction** apply to these discovery requests, definitions and instructions:

        i.    **ALL/Each/Any.**    The terms "all," "each," and "any" shall be construed as inclusive and synonymous and are as inclusive in scope as permitted by the Federal Rules of Civil Procedure.

        ii.    **And/Or.**    The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of discovery request all responses that might otherwise be construed to be outside the scope.

        iii.    **Number.**    The use of the singular form of any word includes the plural and vice versa.

    N.    Each Request to produce documents shall be construed to request documents within your possession, custody or control. Separately for each Request, if any document responsive to that Request once was in your possession, custody or control but has been lost, discarded, destroyed, or is otherwise presently not within your possession, custody, or control:

        i.    Identify the unavailable document;

        ii.    Identify any and all persons who lost, discarded or destroyed the document or caused the document to become otherwise unavailable;

        iii.    Identify any and all persons likely to have knowledge concerning the circumstances by which the document was lost discarded, destroyed, or otherwise became unavailable;

      iv.    Identify any and all persons likely to have knowledge concerning the contents of the document that was lost, discarded, or otherwise became unavailable.

O.    When producing documents, Maurice Gately should produce the documents as they are kept in the ordinary course of business or organize them to correspond with the numbered categories in this request.

P.    If Maurice Gately finds the meaning of any terms in these requests unclear, Maurice Gately shall assume a reasonable meaning, state what the assumed meaning is, and respond to the request according to the assumed meaning.

Q.    If any information, document or thing responsive to any of the following production requests is withheld on the basis of privilege and/or work-product doctrine, the following information is requested with respect to any such refusal:

      i.    the privilege and/or work-product rule of law being relied upon;

      ii.    the date the document was created;

      iii.    the identity of the person or persons who created the information, document or thing;

      iv.    the identity of the present custodian of the information, document or thing;

      v.    the addressee(s) and all other recipients of the information, document or thing;

      vi.    the subject matter of the information, document or thing; and

      vii.    the location of the information, document or thing.

R.    In responding to Apotex's requests for documents and things, if Maurice Gately claims any ambiguity in interpreting either a request, a definition, or an

instruction, Maurice Gately shall not use that ambiguity claim as a basis for refusing to respond, but shall instead set forth as part of his response to the request the language deemed to be ambiguous and the interpretation he has chosen to use in responding to the request.

## REQUESTS

**REQUEST NO. 1:**

All documents and things concerning the preparation and prosecution of U.S. Provisional Patent Application No. 60/344,875, including U.S. Patent Application Nos. 10/897,897, 12/077,623, and 12/163/278 and any other patent applications that claim priority from any of the foregoing applications.

**REQUEST NO. 2:**

All evidence, including but not limited to documents and electronic records, that relate to the fact of and/or the corroboration of the conception, diligence and reduction to practice of the subject matter disclosed or claimed in U.S. Provisional Patent Application No. 60/344,875, U.S. Patent Application Nos. 10/897,897, 12/077,623, and 12/163,278 and any other patent applications that claim priority from any of the foregoing applications.

**REQUEST NO. 3:**

All documents and things concerning development of intermittent oral dosing regimens using bisphosphonates, including but not limited to clinical study protocols and protocol outlines, meeting notes, lab notebooks, memoranda, reports, Actonel Alliance Management Committee notes, Actonel Milestone Evaluations, pilot studies, dog studies, single dose PK studies, and clinical study reports.

**REQUEST NO. 4:**

All documents and things referring or relating to communications between P&G and you regarding development of intermittent oral doing regimens using bisphosphonates, including risedronate, including but not limited to all documents and things referring or relating to the subject matter disclosed or claimed in U.S. Provisional Patent Application No. 60/344,875, including U.S. Patent Application Nos. 10/897,897, 12/077,623, and 12/163,278 and any other patent applications that claim priority from any of the foregoing applications.

**REQUEST NO. 5**

All documents and things provided by P&G to you in connection with the development of intermittent oral dosing regimens using bisphosphonates, including risedronate, including but not limited to all documents and things relating or referring to the subject matter disclosed or claimed in U.S. Provisional Patent Application No. 60/344,875, including U.S. Patent Application Nos. 10/897,897, 12/077,623, and 12/163,278 and any other patent applications that claim priority from any of the foregoing applications.

**REQUEST NO. 6:**

All documents and things provided by you to P&G in connection with the development of intermittent oral dosage regimens using bisphosphonates, including risedronate, including but not limited to all documents and things relating or referring to the subject matter disclosed or claimed in U.S. Provisional Patent Application No. 60/344,875, including U.S. Patent Application Nos. 10/897,897, 12/077,623, and 12/163,278 and any other patent applications that claim priority from any of the foregoing applications.

**REQUEST NO. 7:**

All documents and things concerning the methods of treating osteoporosis disclosed or claimed in U.S. Patent Application Nos. 10/897,897, 12/077,623, and 12/163,278, including development documents, documents pertaining to the efficacy of such methods, documents pertaining to the decision whether to pursue development or commercialization of such methods, and documents concerning the testing, clinical implementation and commercialization of such methods.

**REQUEST NO. 8:**

All documents and things concerning the contribution of you and/or Jun Shi to the subject matter disclosed in U.S. Patent Application Nos. 10/897,897, 12/077,623, and 12/163,278.

**REQUEST NO. 9:**

All communications between P&G and you relating to the development of intermittent oral dosing regimens using bisphosphonates, including but not limited to all communications relating or referring to the subject matter disclosed or claimed in U.S. Provisional Patent Application No. 60/344,875, including U.S. Patent Application Nos. 10/897,897, 12/077,623, and 12/163,278 and any other patent applications that claim priority from any of the foregoing applications.

**REQUEST NO. 10:**

All documents and things referring to the development of intermittent dosing regimens for bisphosphonates, including risedronate, for the treatment and/or the prevention of osteoporosis by any third party including Roche, Merck or any other person.

**REQUEST NO. 11:**

All documents that were provided to the Examiner or discussed during the May 2, 2007 Examiner's Interview for United States Application No. 10/897,897, including all

"[d]ocumentation that was provided to show the priority of the subject matter of the instant claims over the interfering applications, as well as to show how that subject matter of the claims from both parties are co-extensive such that they meet the requirements of the 2-waty test".

**REQUEST NO. 12:**

All documents referring or relating to meetings or communications with P&G personnel relating to intermittent oral dosing regimens using bisphosphonates, including risedronate, including but not limited to documents referring or relating to Pamela Schofield, David Burgio, Henry Van den Berg, Nora Zorich, Thomas Finn, or Mike Manhart.

**REQUEST NO. 13:**

All documents referring or relating to meetings or communications with Roche personnel elating to intermittent oral dosing regimens using bisphosphonates, including risedronate, including but not limited to documents referring or relating to meetings or communications with Frieder Bauss, Stephen Turley, and Bernhard Pichler.

**REQUEST NO. 14:**

All documents concerning investigations conducted by or on behalf of Sanofi relating to the use of bisphosphonates, including risedronate, to treat or inhibit osteoporosis or other bone disorders in weekly, monthly or other dosing regimen, including but not limited to competitive intelligence collected on Roche, Merck, Proctor & Gamble, Eli Lilly, Novartis and any other pharmaceutical company.

**REQUEST NO. 15:**

All documents concerning your involvement in the development of intermittent oral dosing regimens using bisphosphonates, including but not limited to all documents concerning your conception and/or contribution to the subject matter disclosed or claimed in U.S. Patent Application Nos. 10/897,897, 12/077,623, and 12/163,278.

**REQUEST NO. 16:**

All documents concerning Jun Shi's involvement in development of intermittent oral dosing regimens using bisphosphonates, including but not limited to all documents concerning Jun Shi's conception and/or contribution to the subject matter disclosed or claimed in U.S. Patent Application Nos. 10/8987,897, 12/077623, and 12/163,278.

**REQUEST NO. 17:**

All documents referring or relating to United States Patent No. 7,192,938 and/or United States Application Nos. 10/998,849 and/or 10/430,007.

**REQUEST NO. 18:**

Any documents relating to whether U.S. Provisional Patent Application No. 60/344,875, U.S. Patent Application Nos. 10/897,897; 12/077,623; 12/163,278, are entitled to priority over the '938 patent or any related patent applications or patents.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on September 15, 2011, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on September 15, 2011, the attached document was Electronically Mailed to the following person(s):

Frederick L. Cottrell, III
Steven J. Fineman
Michelle E. Whalen
Richards, Layton & Finger, PA
One Rodney Square
920 N. King Street
Wilmington, DE 19801
cottrell@rlf.com
fineman@rlf.com
whalen@rlf.com
*Attorneys for Plaintiffs*

Wyley Sayre Proctor
Vinita Ferrera
Richard Ewenstein
Bo Han
Allen Nunnally
Wilmer Cutler Pickering Hale & Dorr LLP
60 State Street
Boston, MA 02109
wyley.proctor@wilmerhale.com
vinita.ferrera@wilmerhale.com
richard.ewenstein@wilmerhale.com
bo.han@wilmerhale.com
allen.nunnally@wilmerhale.com
*Attorneys for Plaintiff Warner Chilcott Company LLC*

Joshua H. Harris
Mark E. Waddell
John M. Griem, Jr.
Loeb & Loeb LLP
345 Park Avenue
New York, NY 10154
jharris@loeb.com
mwaddell@loeb.com
jgriem@loeb.com
*Attorneys for Plaintiff Hoffmann-La Roche Inc.*

Karen L. Pascale
Young, Conaway, Stargatt & Taylor LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19899-0391
kpascale@ycst.com
*Attorneys for Defendant
Teva Pharmaceuticals USA Inc.*

| | |
|---|---|
| Mary Matterer<br>Morris James LLP<br>500 Delaware Avenue, Suite 1500<br>Wilmington, DE 19899-2306<br>mmatterer@morrisjames.com<br>*Attorneys for Defendant*<br>*Mylan Pharmaceuticals Inc.* | John C. Phillips, Jr.<br>Megan C. Haney<br>Phillips, Goldman & Spence, P.A.<br>1200 North Broom Street<br>Wilmington, DE 19806<br>jcp@pgslaw.com<br>mch@pgslaw.com<br>*Attorneys for Defendant*<br>*Sun Pharma Global FZE* |

By:    */s/ David E. Moore*
      Richard L. Horwitz
      David E. Moore
      POTTER ANDERSON & CORROON LLP
      aTel: (302) 984-6000
      rhorwitz@potteranderson.com
      dmoore@potteranderson.com

1023540 / 37145