Laura D. Hatcher
302-651-7589
Hatcher@rlf.com

September 29, 2011

**VIA ECF FILING AND HAND DELIVERY**

The Honorable Leonard P. Stark
United States District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 North King Street
Wilmington, DE 19801

    Re:    *Warner Chilcott Co., LLC and Hoffmann-La Roche Inc. v. Apotex, Inc. and Apotex Corp.*, C.A. No. 08-627-LPS (Consolidated)

Dear Judge Stark:

    We, along with the law firm of Loeb & Loeb LLP, represent Plaintiff Hoffmann-La Roche Inc. ("Roche") in the above-identified consolidated actions. On August 17, 2011 -- five days <u>after</u> the deadline by which defendant Apotex was permitted to serve discovery requests in the referenced case -- Apotex served a subpoena on David B. Karpf, M.D., a nonparty residing in California.[1] Pursuant to the Court's Order of September 13, 2011 (D.I. 270, C.A. No. 08-627), Roche and Dr. Karpf respectfully move for a protective order under Fed. R. Civ. P. 26(c) to preclude Apotex from taking the deposition of Dr. Karpf because the subpoena (1) is technically deficient as it was served after the close of fact discovery, (2) was issued to gain a tactical advantage in the Boniva® case pending in the District of New Jersey (where Apotex is also a defendant), (3) seeks discovery that is unreasonably cumulative or duplicative, and (4) subjects Dr. Karpf to undue burden.

**Factual Background**

    Apotex served a blanket subpoena on Dr. Karpf on August 17, 2011, without delineating any topics for deposition examination. In follow-up meet and confers, Apotex's counsel represented in a letter to Roche's counsel dated August, 26, 2011 that "we need his [Dr. Karpf] testimony about his involvement in the development of a monthly oral dose bisphosphonate regimen for treatment of postmenopausal osteoporosis and his previous work with intermittent dosing regimens for bisphosphonates." The parties have agreed to submit this dispute to this Court rather than the Court in California that issued the subpoena.

    Dr. Karpf worked at Roche from 1996 to May 2000 -- more than a decade ago -- and has <u>never</u> worked for Procter & Gamble (the Company that developed the once-monthly Actonel® product) or Plaintiff Warner Chilcott Company, LLC ("Warner Chilcott"). Moreover, Dr. Karpf left Roche approximately two years before the application leading to the patents-in-suit was filed.

---

[1] Loeb & Loeb LLP also represents Dr. Karpf.

The Honorable Leonard P. Stark
September 29, 2011
Page 2

**Basis for Roche's Motion for a Protective Order**

The Court should grant a motion for protective order for the following four reasons:

First, Apotex's subpoena is untimely because Apotex served its subpoena on Dr. Karpf on August 17, 2011 -- five days after the deadline for close of fact discovery on August 12, 2011. (See Scheduling Order, D.I. 125, C.A. No. 08-627.) Apotex has taken the position that its subpoena for Dr. Karpf is timely because it served a "Notice of Subpoena" on Roche's counsel on August 12, 2011. While the Court stated that the parties had until August 12, 2011 to serve notices of depositions (Transcript of 8/9/11 Tel. Conf. at 13), Apotex's position is without merit because, as Apotex was fully aware, Dr. Karpf is a nonparty to this litigation, and has not worked at Roche for more than a decade, and therefore service on Roche could not be effective service on Dr. Karpf.

Second, Apotex, which is also a defendant in the Boniva® action pending in the District of New Jersey, has known about Dr. Karpf for more than two years as Dr. Karpf was identified by various deponents as early as May 2009 in the Boniva® actions.[2] Apotex has already taken and been permitted to rely (in the Delaware actions) on discovery of Roche's current and former employees concerning development of Roche's patents and its Boniva® once-monthly product in the New Jersey actions. While Apotex had ample opportunity to seek a deposition of Dr. Karpf in the Boniva® actions prior to the close of fact discovery that was initially set for July 22, 2011, it simply failed to do so.[3] Having failed to take Dr. Karpf's deposition in the Boniva® actions, Apotex sought to backdoor in Dr. Karpf's deposition through the Actonel® case. In fact, just last week, on September 23, 2011, Apotex filed a motion with Magistrate Judge Shipp in the District of New Jersey action seeking a blanket order that all depositions taken by defendants, and all expert reports in the Delaware Actions should be produced in the Boniva® actions. (D.I. 362 at p. 3, C.A. No. 07-4417 (D.N.J.) (SRS)(MAS)).

The Court should not permit Apotex to unfairly gain a tactical advantage by being able to take excess discovery primarily related -- to the extent it has any relevance at all to any issue -- to the Boniva® case. See, e.g., Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc., No. 04-1371-JJF, 2006 U.S. Dist. LEXIS 60089, at *8 (D. Del. Aug. 24, 2006) (precluding deposition of nonparty in which Power Integrations was improperly attempting to obtain discovery in a Texas action by subpoenaing a nonparty in the Delaware action).

---

[2] Dr. Karpf was identified and discussed at several depositions taken in the Boniva® action pending in the District of New Jersey: (i) Stephen Turley (May 14, 2009), (ii) Christine Conroy (June 1, 2009), (iii) Thorsten von Stein (June 3, 2009), (iv) Dr. Frieder Bauss (June 17, 2009 and August 5, 2011), and (v) Philippe Van der Auwera (June 25-26, 2009).

[3] On August 12, 2011, when Apotex served its "Notice of Subpoena" for Dr. Karpf in the Delaware action, the deadline for fact discovery in the Boniva® action in the District of New Jersey remained July 22, 2011. However, four days later, on August 16, 2011, Magistrate Judge Shipp extended the deadline for close of fact discovery in the Boniva® action from July 22, 2011 to September 16, 2011. (D.I. 131, C.A. No. 07-4661 (D.N.J.) (SRS) (MAS)).

The Honorable Leonard P. Stark
September 29, 2011
Page 3

Third, there is no substantial need to burden Dr. Karpf with this deposition because the discovery sought by Apotex is unreasonably cumulative or duplicative of prior testimony obtained by Apotex in the Boniva® actions. *See* Fed. R. Civ. P. 26(b)(2)(C) ("the court must limit the…discovery…if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative…(ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the burden…of the proposed discovery outweighs its likely benefit…").

For example, on June 3, 2009, the Boniva® Defendants (including Apotex) took the deposition of Dr. Thorsten von Stein, the successor to Dr. Karpf. Defendants (including Apotex) also took the deposition of Dr. Philippe Van der Auwera, Dr. Karpf's supervisor, over two days on June 25 and 26, 2009. Defendants are currently seeking another deposition of Dr. Van der Auwera in the Boniva® actions. Any testimony that Dr. Karpf could provide would be largely irrelevant to the Actonel® action (Dr. Karpf left Roche years before the patents-in-suit were filed) and cumulative of the testimony Apotex has already elicited at length in the New Jersey action, which it can rely on in the Delaware action. *See, e.g., Power, supra,* 2006 U.S. Dist. LEXIS 60089, at *9.

Fourth, the subpoena subjects Dr. Karpf to undue burden. Rule 26(c) provides, in relevant part, that "[t]he court may, for good cause, issue an order to protect a party or person from …undue burden". Dr. Karpf, a nonparty who resides in California, has teaching commitments as well as a busy medical practice. He is an Adjunct Clinical Professor of Endocrinology at the Stanford University School of Medicine. In addition to teaching, he treats patients with metabolic and bone diseases. Appearing for a deposition would be a significant disruption in his professional work and personal life. His direct involvement with ibandronate ended over 10 years ago. He should not be forced to set aside these commitments today to try to remember irrelevant details on topics others have already covered in detail.

## Conclusion

Roche respectfully requests that, pursuant to Rule 26(c), the Court issue a protective order and preclude defendant Apotex from taking Dr. Karpf's deposition. If the Court finds that Apotex has a substantial need for Dr. Karpf's testimony in these Delaware actions, the Court should severely limit the time and scope of the deposition to minimize its burden. Roche's counsel further certifies that it has in good faith had several meet and confers with Apotex's counsel in an effort to resolve this dispute without Court action, without success.

Respectfully,

*/s/ Laura D. Hatcher*

Laura D. Hatcher (#5098)

LDH/lll
cc: All counsel of record (via e-mail)

RLF1 5389075v. 1