# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WARNER CHILCOTT COMPANY, LLC, and HOFFMAN-LA ROCHE INC., | : |
| Plaintiffs, | : |
| v. | : C.A. No. 08-cv-627-LPS, 11-cv-81-LPS |
| TEVA PHARMACEUTICALS USA, INC., | : |
| Defendant. | : |

| | |
|---|---|
| WARNER CHILCOTT COMPANY, LLC, and HOFFMAN-LA ROCHE INC., | : |
| Plaintiffs, | : |
| v. | : C.A. No. 09-cv-143-LPS, 10-cv-1111-LPS |
| APOTEX, INC. and APOTEX CORP., | : |
| Defendants. | : |

| | |
|---|---|
| WARNER CHILCOTT COMPANY, LLC, and HOFFMAN-LA ROCHE INC., | : |
| Plaintiffs, | : |
| v. | : C.A. No. 10-cv-285-LPS, 11-cv-286-LPS |
| MYLAN PHARMACEUTICALS INC., | : |
| Defendant. | : |

| WARNER CHILCOTT COMPANY, LLC, and HOFFMAN-LA ROCHE INC., | : |
|---|---|
| Plaintiffs, | : |
| v. | : C.A. No. 09-cv-61-LPS, 10-cv-1085-LPS |
| SUN PHARMA GLOBAL, INC., | : |
| Defendant. | : |

## ORDER

At Wilmington, this 29th day of December 2011:

For the reasons set forth in the Memorandum Opinion issued this date,

IT IS HEREBY ORDERED that the disputed claim language of U.S. Patent Nos. 7,192,938 ("the '938 patent") and 7,718,634 ("the '634 patent") shall be construed as follows:

1. **"Treating of inhibiting,"** as is appears in Claim 1, 6, 8-9, 13-16, 21, 23-24, and 28-30 of the '938 patent and Claims 9-10 of the '634 patent, is construed as "taking measures to counteract, prevent, retard, or interfere with the progression of a disease or disorder."

2. **"A subject in need of such treatment,"** as it appears in Claim 1, 6, 8-9, 13-16, 21, 23-24, and 28-30 of the '938 patent, is construed as "a patient who has osteoporosis or has experienced bone loss or is otherwise at risk of developing osteoporosis."

3. **"A postmenopausal woman in need of treatment or inhibition of postmenopausal osteoporosis,"** as it appears in Claims 9-10 of the '634 patent, is construed as "a patient who has postmenopausal osteoporosis or has experienced bones loss or is otherwise at risk of developing postmenopausal osteoporosis."

4. **"Commencing treatment . . . and continuing said treatment,"** as it appears in Claim 6, 8-9, and 13-15 of the '938 patent, is construed as "within the timeframe of the treatment

episode, beginning a regimen of taking a particular bisphosphonic acid or a pharmaceutically acceptable salt thereof . . . and proceeding with that regimen thereafter."

5. **"Subject,"** as it appears in Claim 1, 6, 8-9, 13-16, 21, 23-24, and 28-30 of the '938 patent, is construed as "a human subject or any other animal subject that can have or be diagnosed with osteoporosis."

6. **"A pharmaceutical composition comprising from about 100 mg to about 150 mg of bisphosphonic acid,"** as it appears in Claim 1, 6, 8-9, and 13-15 of the '938 patent, is construed as "a composition of matter that is a medicament, which may include a single dose or multiple sub-doses, with the two references to 'a pharmaceutical composition' in claim 1 referring to the same thing."

7. **"The pharmaceutical composition,"** as it appears in Claim 3, 5, 6, and 8-9 of the '938 patent, is construed as "the composition of matter that is a medicament referenced in independent Claim 1."

8. **"Said bisphosphonic acid,"** as it appears in Claim 6, 8-9, and 13-15 of the '938 patent, is construed as "the bisphosphonic acid recited in the independent claim."

9. **"Once monthly,"** as it appears in Claims 16-30 of the '938 patent, is construed as "receiving a dose, in either a single dose or multiple subdoses on one or more days, once in a period or interval of approximately 30 days."

Delaware counsel are reminded of their obligation to inform out-of-state counsel of this Order. To avoid the imposition of sanctions, counsel should advise the Court immediately of any problems regarding compliance with this Order.

_____
UNITED STATES DISTRICT JUDGE