# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| WARNER CHILCOTT COMPANY, LLC, and HOFFMANN-LA ROCHE INC., <br><br> Plaintiffs, <br><br> v. <br><br> TEVA PHARMACEUTICALS USA, INC. <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) <br> C.A. No. 08-cv-627-LPS <br> C.A. No. 11-cv-81-LPS |
| WARNER CHILCOTT COMPANY, LLC, and HOFFMANN-LA ROCHE INC., <br><br> Plaintiffs, <br><br> v. <br><br> APOTEX, INC. and APOTEX CORP. <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) <br> REDACTED <br> PUBLIC FILING <br><br> C.A. No. 09-cv-143-LPS <br> C.A. No. 10-cv-1111-LPS |
| WARNER CHILCOTT COMPANY, LLC, and HOFFMANN-LA ROCHE INC., <br><br> Plaintiffs, <br><br> v. <br><br> MYLAN PHARMACEUTICALS, INC. <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) <br> C.A. No. 10-cv-285-LPS <br> C.A. No. 11-cv-286-LPS |

WARNER CHILCOTT COMPANY, LLC, and )
HOFFMANN-LA ROCHE INC.,           )
                                   )
        Plaintiffs,                )
                                   )
v.                                 )        C.A. No. 09-cv-61-LPS
                                   )        C.A. No. 10-cv-1085-LPS
SUN PHARMA GLOBAL FZE,             )
                                   )
        Defendant.                 )
                                   )

### PLAINTIFFS WARNER CHILCOTT COMPANY, LLC AND HOFFMANN-LA ROCHE INC.'S BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OF INFRINGEMENT

**OF COUNSEL:**

David B. Bassett
WILMER CUTLER PICKERING
    HALE AND DORR LLP
399 Park Avenue
New York, NY  10022
(212) 230-8800

Vinita Ferrera
Allen C. Nunnally
WILMER CUTLER PICKERING
    HALE AND DORR LLP
60 State Street
Boston, MA  02109
(617) 526-6000

Frederick L. Cottrell, III (#2555)
cottrell@rlf.com
Steven J. Fineman (#4025)
fineman@rlf.com
Jaclyn C. Levy (#5631)
levy@rlf.com
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
P.O. Box 551
Wilmington, DE  19801
(302) 651-7700

*Attorneys for Plaintiff Warner Chilcott LLC*

Dated: June 22, 2012

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ..................................................................................................... ii

I.     NATURE AND STAGE OF THE PROCEEDINGS ........................................................1

II.    SUMMARY OF ARGUMENT ......................................................................................2

III.   FACTS ..........................................................................................................................3

      A.    The Asserted Claims of the Patents-In-Suit ....................................................3

      B.    Defendants' Proposed Label for A Generic Version of 150 mg Actonel® ...............5

IV.   ARGUMENT .................................................................................................................7

      A.    Rule 56 Motion for Summary Judgment ..........................................................7

      B.    Defendants Will Induce Infringement of Claims 6, 8, 13 and 14 of the
           '938 Patent and Claims 9 and 10 of the '634 Patent ......................................7

           1.    The Standard Inducement of Infringement in a Hatch-Waxman Case ...............7

           2.    Defendants Will Induce Patients to Infringe Each Element of Claims
               6, 9, 13 and 14 of the '938 Patent ......................................................8

           3.    Defendants' Proposed Product Labeling Will Induce Patients to
               Infringe Each Element of Claims 9 and 10 of the '634 Patent .......................12

           4.    The Totality of Circumstances Establishes Defenddants' Intent to
               Induce Infringement of Claims 6, 8, 13 and 14 of the '938 Patent
               and Claims 9 and 10 of the '634 Patent ...............................................15

      C.    Defendants Will Contribute to the Infringement of Claims 6, 8, 14 and 14
           of the '938 Patent and Claims 9 and 10 of the '634 Patent ...............................17

           1.    The Contributory Infringement Standard in a Hatch-Waxman Cawse ...........17

           2.    Defendants' Actions Contribute to Infringement of the Asserted
               Claims of the '938 and '634 Patents ...................................................17

V.    CONCLUSION .............................................................................................................20

## TABLE OF AUTHORITIES

**Page(s)**

CASES

*Absolute Software, Inc. v. Stealth Signal, Inc.,*
659 F.3d 1121 (Fed. Cir. 2011)..................................................................................10

*Allergan Inc. v. Alcon Labs, Inc.,*
324 F.3d 1322 (Fed. Cir. 2003)...................................................................................8

*Anderson v. Liberty Lobby, Inc.,*
477 U.S. 242 (1986)....................................................................................................7

*AstraZeneca LP v. Apotex, Inc.,*
633 F.3d 1042 (Fed. Cir. 2010)............................................................................8, 16

*Broadcom Corp. v. Qualcomm Inc.,*
543 F.3d 683 (Fed. Cir. 2008)......................................................................8, 15, 16

*Celotex Corp. v. Catrett,*
477 U.S. 317 (1986)....................................................................................................7

*DSU Med. Corp. v. JMS Co.,*
471 F.3d 1293 (Fed. Cir. 2006)...................................................................................7

*Eli Lilly & Co. v. Actavis Elizabeth LLC,*
435 Fed. App'x. 917 (Fed. Cir. 2011).................................................................19, 20

*Hoffmann-La Roche Inc. v. Apotex Corp., et al.,*
07-4582 ........................................................................................................................2

*Hoffmann-La Roche, Inc. v. Apotex Corp., et al.,*
07-cv-4417 (D.N.J. May 7, 2010)..............................................................................11

*i4i Ltd. Partnership v. Microsoft Corp.,*
598 F.3d 831 (Fed. Cir. 2010)..............................................................................8, 18

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,*
475 U.S. 574 (1986)....................................................................................................7

*Research Found. of State Univ. of N.Y. v. Mylan Pharm., Inc.,*
809 F. Supp. 2d 296 (D. Del. 2011)......................................................................8, 16

*Ricoh Co. v. Quanta Computer Inc.,*
550 F.3d 1325 (Fed. Cir. 2008)...........................................................................18, 19

*Vita-Mix Corp. v. Basic Holding, Inc.*,
    581 F.3d 1317 (Fed. Cir. 2009)......................................................................................16

*Warner Chilcott Co., LLC v. Teva Pharms. USA, Inc.*,
    C.A. No. 08-627-LPS (D. Del.) Claim Construction Order (Dec. 29, 2011), D.I. 290 ............5

*Wyeth v. Sandoz, Inc.*,
    703 F. Supp. 2d 508 (E.D.N.C. 2010).............................................................................20

## STATUTES & RULES

21 C.F.R. § 202.1(e)(4)........................................................................................................19

21 C.F.R. § 314.94(a)(8)........................................................................................................5

21 C.F.R. § 314.94(a)(8)(iv) ...................................................................................................5

35 U.S.C. § 271(c) ...............................................................................................................17

35 U.S.C. § 271(b)..................................................................................................................7

35 U.S.C. § 271(e)(2)..............................................................................................................8

Fed. R. Civ. P. 56(c) ..............................................................................................................7

RLF1 6175296v. 1

Plaintiffs Warner Chilcott Co. LLC ("Warner Chilcott") and Hoffmann-La Roche Inc. ("Roche") (collectively, "Plaintiffs") respectfully submit this Brief in Support of their Motion for Summary Judgment of Infringement of U.S. Patent Nos. 7,192,938 ("the '938 patent") and 7,718,634 ("the '634 patent") by Defendants Apotex Corp. and Apotex, Inc., Teva Pharmaceuticals USA, Inc., Mylan Pharmaceuticals, Inc., and Sun Pharma Global FZE (collectively, "Defendants").[1] As a matter of law, Defendants' proposed labels would induce others to infringe, and would contribute to the infringement of, several claims asserted in this case. Any patient who uses any of Defendants' proposed products in accordance with the proposed labels would practice each and every element of the methods recited in these claims. Defendants' intent to induce this direct infringement should be inferred as a matter of law from their explicit patient instructions. Defendants will also contribute to the infringement of these claims because their proposed products have no substantial, non-infringing use.

## I.    NATURE AND STAGE OF THE PROCEEDINGS

Plaintiffs filed these consolidated patent infringement lawsuits following the Defendants' submissions of Abbreviated New Drug Applications ("ANDAs") to the Food and Drug Administration ("FDA") seeking approval to market generic versions of Warner Chilcott's Actonel® Once-A-Month (150 mg risedronate sodium) product. Plaintiffs filed the first action alleging infringement of the '938 patent against Teva in 2008, and following the filing of a subsequent action against Apotex Corp. and Apotex Inc., the litigations were consolidated for pretrial purposes in September of 2009. D.I. 34. After a third suit was filed against Mylan Pharmaceuticals Inc., it was also consolidated in July of 2010. D.I. 88. After a fourth suit was

---

[1] The above-captioned actions have been consolidated for pre-trial purposes. Plaintiffs' Motion is based on issues common to all actions and is presented in a single brief, filed under seal in the lead case C.A. No. 08-cv-0627-LPS (consolidated). Exhibits on which Plaintiffs rely in support of this motion are attached to the Declarations of Jaclyn C. Levy, filed under seal in the consolidated action. The declarations will be served separately on the individual defendants.

- 1 -

filed against Sun Pharma Global, Inc. it was consolidated on November 1, 2010.  D.I. 104.  In March 2011, Plaintiffs filed separate actions against all defendants on a newly issued patent, the '634 patent, which actions were consolidated by the Court in March of 2011.  D.I. 143.  Fact discovery closed on September 12, 2011; following briefing and a hearing, the Court issued a claim construction order on December 29, 2012; and expert discovery is complete.  D.I. 125.  Trial has been cancelled pending the Court's ruling on summary judgment motions.  D.I. 322.

## II.   SUMMARY OF ARGUMENT

As a matter of law based on the undisputed facts, Defendants' proposed labels would induce others to infringe claims 6, 8 and 13-14 of the '938 patent and claims 9 and 10 of '634 patent.  *First,* any patient who uses any one of Defendants' proposed 150 mg risedronate sodium tablet products in accordance with their proposed labels would practice each and every element of the methods recited in these claims.                              REDACTED

*Second,* Defendants' specific intent to induce infringement should be inferred as a matter of law from their proposed labels, which are virtually identical to the label on Warner Chilcott's Actonel® Once-A-Month product.  As a result, Defendants intend for patients to perform the actions that constitute infringement of each of these claims, Defendants "knew or should have known" that their explicit instructions would induce patients to infringe these claims, and there are no substantial non-infringing uses for their proposed products.[2]

Defendants' sale of their proposed 150 mg risedronate sodium tablets will also constitute

---

[2] The District of New Jersey decided an analogous inducement issue on summary judgment in favor of Roche in Hatch-Waxman litigation, to which Defendants Apotex and Mylan were both parties, based on similar grounds.  That matter involved claims of a related patent covering Roche's monthly Boniva® product.  Amended Opinion, *Hoffmann-La Roche Inc. v. Apotex Corp., et al.,* 07-4582 (consolidated), D.I. 258 (D. N. J. Sept. 2, 2010), at 6, 8.

- 2 -

contributory infringement of claims 6, 8, 13 and 14 of the '938 patent and claims 9 and 10 of the '634 patent, given that Defendants' proposed 150 mg risedronate sodium tablets do not have any substantial, non-infringing use.

## III.    FACTS

Plaintiffs assert infringement of the '938 and '634 patents.   The '938 patent covers methods of treating or inhibiting osteoporosis, and the '634 patent covers methods of treating or inhibiting postmenopausal osteoporosis, both by the once-monthly administration of risedronate, the active ingredient in Actonel® Once-A-Month.

REDACTED

[3]

### A.    The Asserted Claims of the Patents-In-Suit

Plaintiffs assert infringement of claims 6, 8, 9, and 13-15 of the '938 patent[4], each of which depends directly or indirectly from claim 1:

> 1.    A method for treating or inhibiting osteoporosis comprising commencing treatment by orally administering to a subject in need of such treatment, a first dose, on a single day, of a pharmaceutical composition comprising from about 100 mg to about 150 mg of bisphosphonic acid or an amount of a pharmaceutically acceptable salt thereof that is equivalent to about 100 mg to about 150 mg of said bisphosphonic acid and continuing said treatment by orally administering, once monthly on a single day, a pharmaceutical composition comprising from about 100 mg to about 150 mg of bisphosphonic acid or an amount of a pharmaceutically acceptable salt thereof that is e[q]uivalent to from about 100 mg to about 150 mg of bisphosphonic acid.
>
> 3.    The method according to claim 1, wherein the pharmaceutical composition comprises about 150 mg of

---

[3] *See* Levy Decl. (all defendants), Ex. G; Ex. H.
4 Although Plaintiffs continue to assert claims 9 and 15 of the '938 patent, these claims are not part of this Motion.

RLF1 6175296v. 1

bisphosphonic acid or an amount of a pharmaceutically acceptable salt thereof that is equivalent to about 150 mg of bisphosphonic acid.

5.    The method of claim 1 wherein the pharmaceutical composition comprises 150 mg of bisphosphonic acid or an amount of a pharmaceutically acceptable salt thereof that is equivalent to 150 mg of bisphosphonic acid.

6.    The method of claim 1 wherein said bisphosphonic acid is risedronic acid or a pharmaceutically acceptable salt thereof.

8.    The method of claim 3 wherein said bisphosphonic acid is risedronic acid or a pharmaceutically acceptable salt thereof.

9.    The method of claim 5 wherein said bisphosphonic acid is risedronic acid or a pharmaceutically acceptable salt thereof.

13.    The method of claim 6 wherein said pharmaceutical composition is a solid pharmaceutical composition.

14.    The method of claim 8 wherein said pharmaceutical composition is a solid pharmaceutical composition.

15.    The method of claim 9 wherein said pharmaceutical composition is a solid pharmaceutical composition.

Plaintiffs also assert infringement of independent claims 9 and 10 of the '634 patent:

9.    A method for treating or inhibiting postmenopausal osteoporosis in a postmenopausal woman in need of treatment or inhibition of postmenopausal osteoporosis by administration of a pharmaceutically acceptable salt of risedronic acid, comprising:
(a) commencing the administration of the pharmaceutically acceptable salt of risedronic acid by orally administering to the postmenopausal woman, on a single day, a first dose in the form of a tablet, wherein the tablet comprises an amount of the pharmaceutically acceptable salt of risedronic acid that is equivalent to about 150 mg of risedronic acid; and
(b) continuing the administration by orally administering, once monthly on a single day, a tablet comprising an amount of the pharmaceutically acceptable salt of risedronic acid that is equivalent to about 150 mg of risedronic acid.

10.    A method for treating or inhibiting postmenopausal osteoporosis in a postmenopausal woman in need of treatment or

- 4 -

RLF1 6175296v. 1

inhibition of postmenopausal osteoporosis by administration of a pharmaceutically acceptable salt of risedronic acid, consisting essentially of orally administering to the postmenopausal woman, once monthly on a single day, a tablet comprising an amount of the pharmaceutically acceptable salt of risedronic acid that is equivalent to about 150 mg of risedronic acid.

This Court has construed the meaning of the nine disputed claim terms in the asserted claims. *Warner Chilcott Co., LLC v. Teva Pharms. USA, Inc.*, C.A. No. 08-627-LPS (D. Del.) Claim Construction Order (Dec. 29, 2011), D.I. 290. Most relevant to the current motion, the Court has construed three of the terms as follows:

(a) "Treating or inhibiting" means "taking measures to counteract, prevent, retard, or interfere with the progression of a disease or disorder."

(b) "Commencing treatment...and continuing said treatment" means "within the timeframe of the treatment episode, beginning a regimen of taking a particular bisphosphonic acid or a pharmaceutically acceptable salt thereof...and proceeding with that regimen thereafter."

(c) "A postmenopausal woman in need of treatment or inhibition of postmenopausal osteoporosis" means "a patient who has postmenopausal osteoporosis or has experienced bone[] loss or is otherwise at risk of developing postmenopausal osteoporosis."

**B.    Defendants' Proposed Label for A Generic Version of 150 mg Actonel®**

To obtain FDA approval to market a generic version of 150 mg Actonel®, Defendants are required to use the same labeling as the FDA-approved Actonel® 150 mg label.[5]

REDACTED                                                                          [6]

---

[5] *See* 21 C.F.R. § 314.94(a)(8), which sets forth FDA labeling requirements for a generic pharmaceutical product.

[6] *See* 21 C.F.R. § 314.94(a)(8)(iv), which requires a side-by-side comparison of the proposed generic labeling with the reference listed drug with all differences annotated and explained ("Labeling...proposed for the drug product must be the same as the labeling approved for the reference listed drug, except for changes required because of differences approved under a petition filed under 314.93 or because the drug product and the reference listed drug are produced or distributed by different manufacturers...."; Levy Decl. (Apotex), Ex. I; Levy Decl. (Teva), Ex. I (TRM0000341, 398-449); Levy Decl. (Mylan), Ex. I; Levy Decl. (Sun), Ex. I.

- 5 -

RLF1 6175296v. 1

REDACTED

[7] Levy Decl. (Apotex), Ex. J (AP-RISE0001508-09); Levy Decl. (Teva), Ex. J (TRM0000351-53); Levy Decl. (Mylan), Ex. J (MYL-RIS0056103, 106); Levy Decl. (Sun), Ex. J (SUN0010903, 05-06).

[8] Levy Decl. (Apotex), Ex. J (AP-RISE0001508, AP-RISE0001520); Levy Decl. (Teva), Ex. J (TRM0046051, TRM0046062); Levy Decl.(Mylan), Ex. J (MYL_RIS0056103, MYL_RIS0056119-20); Levy Decl. (Sun), Ex. J (SUN0010903, SUN0010921-22).

[9] Levy Decl. (Apotex), Ex. J (AP-RISE0001520); Levy Decl. (Teva), Ex. J (TRM0046062); Levy Decl. (Mylan), Ex. J (MYL-RIS0056119); Levy Decl. (Sun), Ex. J (SUN0010921); *see also* Nov. 18, 2011 Bilezikian Reply Rep., Levy Decls., Ex. D, ¶ 28.

[10] Levy Decl. (Apotex), Ex. K (AP-RISE0009955); Levy Decl. (Teva), Ex. K (TRM0000346); Levy Decl. (Mylan) (MYL-RIS0003000), Ex. K Levy Decl. (Sun), Ex. M (SUN0000116).

[11] Levy Decl. (Apotex), Ex. K (AP-RISE0009955); Levy Decl. (Teva), Ex. K (TRM0000346); Levy Decl. (Mylan) (MYL-RIS0003000), Ex. K; Levy Decl. (Sun), Ex. M (SUN0000116).

[12] Levy Decl. (Apotex), Ex. J (AP-RISE0001533); Levy Decl. (Teva), Ex. J (TRM0046075); Levy Decl. (Mylan), Ex. J (MYL-RIS0056136); Levy Decl. (Sun), Ex. J (SUN0010941).

[13] Levy Decl. (Apotex), Ex. J (AP-RISE0001535); Levy Decl. (Teva), Ex. J (TRM0046074); Levy Decl. (Mylan), Ex. J (MYL-RIS0056134); Levy Decl. (Sun), Ex. J (SUN0010939).

RLF1 6175296v. 1

REDACTED [14]

## IV.    ARGUMENT

### A.    Rule 56 Motion for Summary Judgment

Summary judgment is appropriate when the moving party demonstrates that there is no genuine issue of material fact and the evidence establishes the moving party's entitlement to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  A factual dispute is genuine if a reasonable jury could return a verdict for the non-movant, and it is material if, under the substantive law, it would affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The moving party bears the burden of demonstrating the absence of genuine issue of material fact.  *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 n.10 (1986).  If the moving party has met its burden, the non-movant must "come forward with specific facts showing that there is a genuine issue for trial." *Id.* at 587 (internal quotations omitted).

### B.    Defendants Will Induce Infringement of Claims 6, 8, 13 and 14 of the '938 Patent and Claims 9 and 10 of the '634 Patent.

#### 1.    The Standard for Inducement of Infringement in a Hatch-Waxman Case

A party may indirectly infringe a patent under 35 U.S.C. § 271(b) by inducing another party to make, use, offer to sell, or sell a patented invention in the United States.  35 U.S.C. § 271(b) ("whoever actively induces infringement of a patent shall be liable as an infringer.")  This requires a showing of specific intent to induce the infringement.  *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006).  Intent to induce infringement may be established by showing that an accused infringer advertised or provided instructions promoting the infringing

---

[14] Levy Decl. (Apotex), Ex. J (AP-RISE0001535); Levy Decl. (Teva), Ex. J (TRM0046074); Levy Decl. (Mylan), Ex. J (MYL-RIS0056134); Levy Decl. (Sun), Ex. J (SUN0010939).

- 7 -

use. *See i4i Ltd. Partnership v. Microsoft Corp.*, 598 F.3d 831, 851-52 (Fed. Cir. 2010) (induced infringement found where instructions promoted infringing use); *Broadcom Corp. v. Qualcomm Inc.*, 543 F.3d 683, 700 (Fed. Cir. 2008) (induced infringement found where infringer made no attempt to change instructions to avoid infringement).

Claims of induced infringement may be brought under 35 U.S.C. § 271(e)(2) in a Hatch-Waxman case by showing that the defendant is applying to the FDA for a use covered by an asserted patent. *Allergan Inc. v. Alcon Labs, Inc.*, 324 F.3d 1322, 1330-31 (Fed. Cir. 2003). Where an alleged infringer in a Hatch-Waxman case includes instructions in its proposed drug label that will cause at least some users to infringe asserted method claims, it meets the requisite specific intent for induced infringement. *AstraZeneca LP v. Apotex, Inc.*, 633 F.3d 1042, 1060 (Fed. Cir. 2010) (finding intent to induce infringement based on the product label authorizing the patented use, which "would inevitably lead some consumers to practice the claimed method"); *see also Research Found. of State Univ. of N.Y. v. Mylan Pharm., Inc.*, 809 F. Supp. 2d 296, 331 (D. Del. 2011).

### 2. Defendants Will Induce Patients to Infringe Each Element of Claims 6, 9, 13 and 14 of the '938 Patent.

If approved by the FDA, each Defendant's proposed label will instruct patients to practice each and every element of claims 6, 8, 13 and 14 of the '938 patent.

> a)    *Defendants' proposed products are solid pharmaceutical compositions and contain a pharmaceutically acceptable salt of risedronic acid that comprises about 150 mg of risedronic acid.*

Claims 6 and 13 of the '938 patent require administration of a pharmaceutical composition comprising:  "from about 100 mg to about 150 mg of risedronic acid or a pharmaceutically acceptable salt thereof that is equivalent to about 100 mg to about 150 mg of risedronic acid."  Claims 8 and 14 require administration of a pharmaceutical composition

- 8 -

comprising: "about 150 mg of risedronic acid or a pharmaceutically acceptable salt thereof that is equivalent to about 150 mg of risedronic acid." Claims 13 and 14 of the '938 patent further require that the pharmaceutical composition be a "solid pharmaceutical composition."

REDACTED

a

bisphosphonic acid.[16]

With respect to claims 6 and 13, Defendants' proposed products literally fall within the recited range of "about 100 mg to about 150 mg" of risedronic acid. With respect to claims 8 and 14, Defendants' proposed products meet the requirement of "about 150 mg" of risedronic acid either literally or under the doctrine of equivalents.

REDACTED

---

[15] Levy Decl. (Apotex), Ex. J (AP-RISE0001520); Levy Decl. (Teva), Ex. J (TRM0046062); Levy Decl. (Mylan), Ex. J (MYL-RIS0056119); Levy Decl. (Sun), Ex. J (SUN0010921); *see also* Nov. 18, 2011 Bilezikian Reply Rep., Levy Decls. Ex. D, ¶ 28.

[16] '938 patent, Levy Decl. Ex. A, col. 6, ll. 42-50; '634 patent, Levy Decl. Ex. B, col. 6, ll. 42-51.

[17] Levy Decl. (Apotex), Ex. L (AP-RISE0001492); Levy Decl. (Teva), Ex. L, (TRM0007035-37, TRM0007055); Levy Decl. (Mylan), Ex. L (MYL-RIS0000585, MYL-RIS0000608, MYL-RIS0000616); Levy Decl. (Sun), Ex. K, (SUN0000284, SUN0000308).

[18] Nov. 18, 2011 Bilezikian Reply Rep., Levy Decls., Ex. D, ¶ 28.

[19] Levy Decl. (Apotex), Ex. M (APRISE0001504); Levy Decl. (Teva), Ex. M (TRM0007501); Levy Decl. (Teva), Ex. M (TRM0007500); Mylan Ex. M (MYL-RIS0101589); Levy Decl. (Sun), Ex. L (SUN0001901).

[20] *See* Nov. 18, 2011 Bilezikian Reply Rep., Levy Decls., Ex. D, ¶ 28.

- 9 -

REDACTED    [21]  Defendants' tablets thus literally meet the "about 150 mg" requirement recite in claims 8 and 14.    REDACTED

Defendants' accused products will perform "substantially the same function [providing a therapeutic benefit] in substantially the same way [by inhibiting bone resorption] to obtain the same result [treating or inhibiting osteoporosis]" as the claimed amount.[22]  *See Absolute Software, Inc. v. Stealth Signal, Inc.*, 659 F.3d 1121, 1139-40 (Fed. Cir. 2011).

        b)    *Defendants will induce "treating or inhibiting osteoporosis" with their risedronate sodium 150 mg tablets.*

Claims 6, 8, 13 and 14 of the '938 patent each claim a method for treating or inhibiting osteoporosis.  This Court has construed the claim term "treating or inhibiting" to include "preventing."[23]    REDACTED

[24]

[25]

        c)    *Defendants will induce commencing treatment of osteoporosis by orally administering a first dose of their 150 mg risedronate sodium tablets on a single day.*

Claims 6, 8, 13 and 14 of the '938 patent each require commencing treatment by orally administering a first dose, on a single day, of the composition described above in Section

---

[21] *See* Nov. 18, 2011 Bilezikian Reply Rep., Levy Decls., Ex. D, ¶ 28.

[22] *See* Nov. 18, 2011 Bilezikian Reply Rep., Levy Decls., Ex. D, ¶ 29.

[23] Dec. 29, 2011 Order, D.I. 290, C.A. No. 09-cv-627-LPS (consolidated), ¶ 1.

[24] Levy Decl. (Apotex), Ex. J,(AP-RISE0001508); Levy Decl. (Teva), Exs. J, L (TRM0046052, TRM0007033); Levy Decl. (Mylan), Ex. I (MYL_ANDA0000173); Levy Decl. (Sun), Ex. J (SUN0010903).

[25] Levy Decl. (Apotex), Ex. J (AP-RISE0001535); Levy Decl. (Teva), Ex. J (TRM0046075); Levy Decl. (Mylan), Ex. (MYL-RIS0056134); Levy Decl. (Sun), Ex. J (SUN0010941).

- 10 -

B(2)(a). This Court has construed the term "commencing treatment" in claims 6, 8, 13 and 14 of the '938 patent to mean "[w]ithin the timeframe of the treatment episode, beginning a regimen of taking a particular bisphosphonic acid or a pharmaceutically acceptable salt thereof."[26]  The Court found that "[a] person of ordinary skill in the art would understand that the claims are drawn to a specific regimen and would appreciate that anything occurring before the claimed regimen is outside the scope of the claims."[27]  Thus, the first time a patient takes a 150 mg risedronate sodium tablet constitutes the "first dose" and a patient who switches from a different osteoporosis treatment, such as a bisphosphonate other than risedronate or a weekly risedronate, to generic 150 mg risedronate sodium is "commencing treatment" when the patient begins to take generic 150 mg risedronate sodium.[28]                    REDACTED

[29]

[30]

[31]

d)      *Defendants will induce "continuing said treatment" by orally*

---

[26] Dec. 29, 2011 Order (D.I. 290, C.A. No. 08-cv-627-LPS), ¶ 4.

[27] Dec. 29, 2011 Memorandum Opinion (D.I. 289, C.A. No. 08-cv-627-LPS), at 8.

[28] It is worth noting that the Court's constructions of these terms in this case are consistent with the constructions of the same terms by the district court in New Jersey.  Opinion and Order, at 3, *Hoffmann-La Roche, Inc. v. Apotex Corp., et al.*, 07-cv-4417 (consolidated) (D.N.J. May 7, 2010) (Docket No. 157) ("the Court concludes that the claim terms of claim 1 of the '938 patent, "commencing treatment," "a first dose, on a single day," and "once monthly on a single day" . . . "should be construed to refer to the time frame of the treatment period, not the patient's lifetime.")

[29] Levy Decl. (Apotex), Ex. J (AP-RISE0001509); Levy Decl. (Teva), Exs. J, L (TRM0046052-53, TRM0007033); Levy Decl. (Mylan), Ex. I (MYL_ANDA0000177); Levy Decl. (Sun), Ex. J (SUN0010905-06).

[30] Levy Decl. (Apotex), Ex. K (AP-RISE0009955); Levy Decl. (Teva), Ex. K (TRM0000346); Levy Decl. (Mylan), Ex. K (MYL-RIS0003000); Levy Decl. (Sun), Ex. M (SUN0000116).

[31] Levy Decl. (Apotex), Ex. K (AP-RISE0009955); Levy Decl. (Teva), Ex. K (TRM0000346); Levy Decl. (Mylan), Ex. K (MYL-RIS0003001); Levy Decl. (Sun), Ex. I (SUN 0000099).

- 11 -

*administering their risedronate sodium 150 mg tablets once monthly on a single day.*

Claims 6, 8, 13 and 14 of the '938 patent each require continuing the treatment described above in Section B(2)(c) by orally administering, once monthly on a single day, the pharmaceutical composition described above in Section B(2)(a).   This Court has construed "continuing said treatment" to mean "proceeding with that regimen thereafter" where "that regimen" is "taking a particular bisphosphonic acid or pharmaceutically acceptable sat thereof."[32]                                   REDACTED


[33]                                                              ,34

\* \* \* \* \*

For the reasons stated above, any patient who uses any of the Defendants' proposed 150 mg risedronate sodium tablet products in accordance with the explicit instructions in each Defendant's proposed label will directly infringe each and every element of claims 6, 8, 13 and 14 of the '938 patent.   Because Defendants' proposed labels explicitly instruct patients to use Defendants' proposed 150 mg risedronate sodium tablets in a manner that will directly infringe claims 6, 8, 13 and 14 of the '938 patent, Defendants' specific intent to induce such infringement should be inferred from the proposed labels as a matter of law. *See infra* § B.4.

### 3.   Defendants' Proposed Product Labeling Will Induce Patients to Infringe Each Element of Claims 9 and 10 of the '634 Patent.

If approved by the FDA, each Defendant's proposed label will likewise induce patients to practice each and every element of claims 9 and 10 of the '634 patent.

---

[32] Dec. 29, 2011 Order (D.I. 290, C.A. No. 08-cv-627-LPS), ¶ 4.

[33] Levy Decl. (Apotex), Ex. J (AP-RISE0001509); Levy Decl. (Teva), Exs. J, L (TRM0046052-53, TRM0007033); Levy Decl. (Mylan), Ex. I (MYL_ANDA0000178); Levy Decl. (Sun), Ex. J (SUN0010905-06).

[34] Levy Decl. (Apotex), Ex. K (AP-RISE0009955); Levy Decl. (Teva), Ex. K (TRM0000346); Levy Decl. (Mylan), Ex. K (MYL-RIS0003000); Levy Decl. (Sun), Ex. M (SUN0000116).

- 12 -

a)    *Defendants' proposed products are solid pharmaceutical compositions and contain a pharmaceutically acceptable salt of risedronic acid that comprises about 150 mg of risedronic acid.*

Claims 9 and 10 of the '634 patent each require oral administration of a tablet comprising a pharmaceutically acceptable salt of risedronic acid that is equivalent to about 150 mg of risedronate acid.   Each Defendant's proposed risedronate sodium product described in its respective ANDA meets the composition elements of claim 9 and 10 of the '634 patent for the same reasons set forth above with respect to the composition elements of claims 6, 8, 13 and 14 of the '938 patent. (*See supra* § B(2)(a).)

b)    *Defendants will induce "treating or inhibiting postmenopausal osteoporosis in a postmenopausal woman in need of treatment or inhibition of postmenopausal osteoporosis" by patients with Defendants' risedronate sodium 150 mg tablets.*

Claims 9 and 10 of the '634 patent each claim a method for treating or inhibiting postmenopausal osteoporosis in a postmenopausal woman in need of treatment or inhibition of postmenopausal osteoporosis.   As set forth above, this Court has construed the claim term "treating or inhibiting" to include preventing. (*See supra* § B(2)(b).)   This Court has further construed "a postmenopausal woman in need of treatment or inhibition of postmenopausal osteoporosis" to mean "a patient who has postmenopausal osteoporosis or has experienced bone loss or is otherwise at risk of developing postmenopausal osteoporosis."[35]

REDACTED

[36]

---

[35] Dec. 29, 2011 Order, D.I. 290, C.A. No. 09-cv-627-LPS (consolidated), ¶ 3.

[36] Levy Decl. (Apotex), Ex. J (AP-RISE0001508); Levy Decl. (Teva), Exs. J, L (TRM0046052, TRM0007033); Levy Decl. (Mylan), Ex. I (MYL_ANDA0000173); Levy Decl. (Sun), Ex. J (SUN0010903).

RLF1 6175296v. 1

    c)    *Defendants will induce "commencing the administration" by orally administering a first dose of their risedronate sodium 150 mg tablets on a single day.*

Claim 9 of the '634 patent requires "commencing the administration of the pharmaceutically acceptable salt of risedronic acid by orally administering to the postmenopausal woman, on a single day, a first dose in the form of a tablet." Each Defendant's label instructs patients to fulfill the "commencing the administration" element of claim 9 of the '634 patent for the same reasons set forth above with respect to the "commencing treatment" elements of claims 6, 8, 13 and 14 of the '938 patent. (*See supra* § B(2)(c).)

    d)    *Defendants will induce "continuing the administration" by orally administering their risedronate sodium 150 mg tablets once monthly on a single day.*

Claim 9 of the '634 patent requires "continuing the administration by orally administering, once monthly on a single day, a tablet" comprising the composition described above. (*See supra* § B(2)(a).) Each Defendant's proposed label instructs patients to fulfill the "continuing the administration" element of claim 9 of the '634 patent for the same reasons set forth above with respect to the "continuing said treatment" elements of claims 6, 8, 13 and 14 of the '938 patent. (*See supra* § B(2)(d).)

    e)    *Defendants will induce treating or inhibiting postmenopausal osteoporosis by orally administering a dose of their risedronate sodium 150 mg tablets once monthly on a single day.*

Claim 10 of the '634 patent requires administration of a pharmaceutically acceptable salt of risedronic acid "consisting essentially of orally administering to the postmenopausal woman, once monthly on a single day, a tablet" comprising the composition described above in Section

---

[37] Levy Decl. (Apotex), Ex. J (AP-RISE0001535); Levy Decl. (Teva), Ex. J (TRM0046075); Levy Decl. (Mylan), Ex. J (MYL-RIS0056134); Levy Decl. (Sun), Ex. J (SUN0010941).

- 14 -

B(2)(a).                                    REDACTED


38                                         39




                                           40


\* \* \* \* \*

For the reasons stated above, any patient who uses any of the Defendants' proposed 150

mg risedronate sodium tablet products in accordance with the explicit instructions in each

Defendant's proposed label will directly infringe each and every element of claims 9 and 10 of

the '634 patent.    Because Defendants' proposed labels explicitly instruct patients to use

Defendants' proposed 150 mg risedronate sodium tablets in a manner that will directly infringe

claims 9 and 10 of the '634 patent, Defendants' specific intent to induce such infringement

should be inferred from the proposed labels as a matter of law.  *See infra* § B.4.

> 4.      **The Totality of Circumstances Establishes Defendants' Intent to Induce Infringement of Claims 6, 8, 13 and 14 of the '938 Patent and Claims 9 and 10 of the '634 Patent.**

"[T]he requisite intent to induce infringement may be inferred from all of the

circumstances." *Broadcom*, 543 F.3d at 699.  The affirmative intent to cause direct infringement

may be shown by "establishing first that the defendant 'intended to cause the acts that constitute

the direct infringement,' and second that the defendant 'kn[ew] or should have known [that] its

action would cause the direct infringement.'" *Id.* at 699 (quoting *DSU Med. Corp.*, 471 F.3d at

---

[38] Levy Decl. (Apotex), Ex. J(AP-RISE0001509); Levy Decl. (Teva), Exs. J, L (TRM0045052-53, TRM0007033); Levy Decl. (Mylan), Ex. I (MYL_ANDA0000173); Levy Decl. (Sun), Ex. J (SUN0010905-06).

[39] Levy Decl. (Apotex), Ex. K (AP-RISE0009955); Levy Decl. (Teva), Ex. K (TRM0000346); Levy Decl. (Mylan), Ex. K (MYL-RIS0003000); Levy Decl. (Sun), Ex. M (SUN0000116).

[40] Levy Decl. (Apotex), Ex. J (AP-RISE0001533); Levy Decl. (Teva), Ex. J (TRM0046074); Levy Decl. (Mylan), Ex. J (MYL-RIS0056136); Levy Decl. (Sun), Ex. J (SUN0010939).

- 15 -

1305.)  Plaintiffs have met both prongs of this test.  First, each Defendant is seeking FDA approval to market its proposed risedronate products with proposed labeling that would instruct others to directly infringe claims 6, 8, 13 and 14 of the '938 patent and claims 9 and 10 of the '634 patent.  Second, that Defendants "knew or should have known" that their actions would cause patients to directly infringe claims 6, 8, 13 and 14 of the '938 patent and claims 9 and 10 of the '634 patent may be inferred.  Upon gaining FDA approval, Defendants will provide instructions directing patients to perform the actions that will directly infringe claims 6, 8, 13 and 14 of the '938 patent and claims 9 and 10 of the '634 patent. *See AstraZeneca*, 633 F.3d at 1060; *see also Research Found.*, 809 F. Supp. 2d at 331.  Thus, Defendants' intent to induce infringement of the '938 and '634 patents should be inferred. *See Broadcom*, 543 F.3d at 700.

Further, the fact that some patients make use of the Defendants' products in a manner that does not fall within the scope of the claims is irrelevant in light of the clear statements in each of the Defendants' proposed labels that directs patients to use the drug in a manner that directly infringes.  "[L]iability for active inducement may be found 'where evidence goes beyond a product's characteristics or the knowledge that it may be put to infringing uses, and shows statements or actions directed to promoting infringement.'" *AstraZeneca*, 633 F.3d at 1059 (quoting *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 935 (2005)).  "In the context of specific intent, it is irrelevant that some users may ignore the warnings in the proposed label.  The pertinent question is whether the proposed label instructs users to perform the patented method." *AstraZeneca LP*, 633 F.3d at 1060; *see also Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1329 n.2 (Fed. Cir. 2009) ("The question is not . . . whether a user following the instructions may end up using the device in an infringing way.  Rather, it is whether [the] instructions teach an infringing use of the device such that we are willing to infer

- 16 -

from those instructions an affirmative intent to infringe the patent.").

Here, it cannot be disputed that each Defendant's proposed product label contains explicit instructions to use its proposed risedronate product in a manner that meets each and every element of claims 6, 8, 13 and 14 of the '938 patent and claims 9 and 10 of the '634 patent.

REDACTED

[41] Accordingly, Plaintiffs have shown that each Defendant has the requisite intent to induce direct infringement of claims 6, 8, 13 and 14 of the '938 patent and claims 9 and 10 of the '634 patent.

### C. Defendants Will Contribute to the Infringement of Claims 6, 8, 13 and 14 of the '938 Patent and Claims 9 and 10 of the '634 Patent.

#### 1. The Contributory Infringement Standard in a Hatch-Waxman Case

Section 271(c) prohibits the sale of a product that can be used in a patented method if the product is "not a staple article or commodity of commerce suitable for substantial noninfringing use." A defendant is thus liable for contributory infringement if (1) it sells or offers for sale a material component of a composition for use in a patented method, and (2) the component is not a staple article or commodity of commerce suitable for substantial non-infringing use. *See* 35 U.S.C. § 271(c).

#### 2. Defendants' Actions Contribute to Infringement of the Asserted Claims of the '938 and '634 Patents.

Each Defendant's 150 mg risedronate sodium product will contribute to the infringement

---

[41] Levy Decl. (Apotex), Ex. J (AP-RISE0001520); Levy Decl. (Teva), Ex. J (TRM0046074); Levy Decl. (Mylan), Ex. J (MYL-RIS0056136); Levy Decl. (Sun), Ex. J (SUN0010921).

- 17 -

of claims 6, 8, 13 and 14 of the '938 patent and claims 9 and 10 of the '634 patent because the 150 mg risedronate tablet is a material part of the invention, has no substantial noninfringing uses, and is known by each Defendant to be especially made for the infringement of the patents-in-suit. *See i4i Ltd.*, 598 F.3d at 850-51. The "core notion" of contributory infringement under Section 271(c) is "that one who sells a component especially designed for use in a patented invention may be liable as a contributory infringer, provided that the component is not a staple article of commerce suitable for substantial noninfringing use." *Ricoh Co. v. Quanta Computer Inc.*, 550 F.3d 1325, 1337 (Fed. Cir. 2008).

There can be no reasonable dispute that each Defendant is aware of the infringing use of its respective risedronate product because each Defendant has produced a label that reads upon claims 6, 8, 13 and 14 of the '938 patent and claims 9 and 10 of the '634 patent,

REDACTED

[42]

First, each of the Defendants offers to sell within the United States, and would sell if approved, 150 mg risedronate sodium tablets that are for use in practicing the patented methods of the '938 and '634 patents. Plaintiffs have asserted claims 6, 8, 13 and 14 of the '938 patent and claims 9 and 10 of the '634 patent, each of which relies on the administration of a pharmaceutically acceptable salt of risedronic acid literally equivalent to the claimed amounts of about 150 mg of risedronic acid or about 100 to 150 mg of risedronic acid, or equivalent to about 150 mg of risedronic acid under the doctrine of equivalents, for the claimed methods.

Second, each of Defendants' proposed 150 mg risedronate sodium products constitutes a material part of claims 6, 8, 13 and 14 of the '938 patent and claims 9 and 10 of the '634 patent.

---

[42] Levy Decl. (Apotex), Ex. O (AP-RISE0009942); Levy Decl. (Teva), Ex. L (TRM0007043); Levy Decl. (Mylan), Ex. L (MYL_ANDA0000583); Levy Decl. (Sun), Ex. N (SUN0000279).

The 150 mg tablet of risedronate sodium is the sole physical object necessary to practice claims 6, 8, 13 and 14 of the '938 patent and claims 9 and 10 of the '634 patent. The use of a 150 mg tablet of risedronate sodium is therefore not only material to claims 6, 8, 13 and 14 of the '938 patent and claims 9 and 10 of the '634 patent, it is essential.

Third, in seeking approval to market their proposed 150 mg risedronate sodium products, each Defendant demonstrates knowledge that its proposed product is especially made or especially adapted for use in infringement of the '938 and '634 patents, as opposed to a "staple article of commerce suitable for substantial noninfringing use." *Ricoh Co.*, 550 F.3d at 1337. The Federal Circuit has noted that the "staple article of commerce" doctrine codified in § 271(c) "was devised to identify instances in which it may be presumed from distribution of an article in commerce that the distributor intended the article to be used to infringe another's patent, and so may justly be held liable for that infringement," and such a presumption is fully justified by the sale of an item that can be used only to infringe. *Id.* at 1338.

REDACTED

[43] Defendants are barred by federal law from selling a federally regulated drug for unapproved uses. *See* 21 C.F.R. § 202.1(e)(4); *Eli Lilly & Co. v. Actavis Elizabeth LLC,* 435 Fed. App'x 917, 927 (Fed. Cir. 2011).

REDACTED

[44] Even if Defendants could show significant numbers of off-label prescriptions of 150 mg risedronate

---

[43] Levy Decl. (Apotex), Ex. J (AP-RISE0001535); Levy Decl. (Teva), Ex. J (TRM0046075); Levy Decl. (Mylan), Ex. J (MYL-RIS0056136); Levy Decl. (Sun), Ex. J (SUN0010941).
[44] Levy Decl. (Apotex), Ex. J (AP-RISE0001535); Levy Decl. (Teva), Ex. J (TRM0046075); Levy Decl. (Mylan), Ex. J (MYL-RIS0056136); Levy Decl. (Sun), Ex. J (SUN0010941).

sodium tablets – which they cannot – the mere fact that a physician may prescribe a drug for an unauthorized, noninfringing use does not shield an ANDA filer from liability for contributory infringement. *Eli Lilly*, 435 Fed. App'x at 927; *see also Wyeth v. Sandoz, Inc.*, 703 F. Supp. 2d 508, 522-23 (E.D.N.C. 2010) (generic product designed to treat the same disorders as the branded product and matching the branded product's indications had no substantial noninfringing use).

For these reasons, each Defendant's 150 mg risedronate sodium product has no substantial noninfringing uses, and is known by each Defendant to be especially made for the infringement of the patents-in-suit. Therefore, each Defendant's proposed risedronate product will contribute to the infringement of claims 6, 8, 13 and 14 of the '938 patent and claims 9 and 10 of the '634 patent.

## V.  CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court grant Plaintiffs' motion for summary judgment of infringement.

|  |  |
|---|---|
|  | /s/ Jaclyn C. Levy |
|  | Frederick L. Cottrell, III (#2555) |
| **OF COUNSEL:** | cottrell@rlf.com |
| David B. Bassett | Steven J. Fineman (#4025) |
| Wilmer Cutler Pickering Hale and Dorr LLP | fineman@rlf.com |
| 399 Park Avenue | Jaclyn C. Levy (#5631) |
| New York, NY  10022 | levy@rlf.com |
| (212) 230-8800 | Richards, Layton & Finger, P.A. |
|  | One Rodney Square |
| Vinita Ferrera | 920 North King Street |
| Allen C. Nunnally | P.O. Box 551 |
| Wilmer Cutler Pickering Hale and Dorr LLP | Wilmington, DE  19801 |
| 60 State Street | (302) 651-7700 |
| Boston, MA  02109 |  |
| (617) 526-6000 | *Attorneys for Plaintiff Warner Chilcott L.L.C.* |
| Dated: June 22, 2012 |  |

- 20 -

## CERTIFICATE OF SERVICE

I hereby certify that, on June 22, 2012, I electronically filed the foregoing document with the Clerk of Court using CM/ECF, which will send notification of such filing(s), and have sent a true and correct copy by electronic mail to the following:

**Defendant Apotex**
Richard L. Horwitz
David E. Moore
**Potter Anderson & Corroon LLP**
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
rhorwitz@potteranderson.com
dmoore@potteranderson.com

Steven E. Feldman
Hartwell P. Morse, III
Louise T. Walsh
Sherry L. Rollo
Philip D. Segrest
**Husch Blackwell LLP**
120 S. Riverside Plaza – Suite 2200
Chicago, IL 60606
Steven.feldman@huschblackwell.com
Hartwell.morse@huschblackwell.com
Louise.walsh@huschblackwell.com
Sherry.rollo@huschblackwell.com
segrest@huschblackwell.com

**Defendant Sun Pharma**
John C. Phillips, Jr.
Megan C. Haney
**Phillips, Goldman & Spence, P.A.**
1200 North Broom Street
Wilmington, DE 19806
jcp@pgslaw.com
mch@pgslaw.com

Eric C. Cohen
Jeremy C. Daniel
**Katten Muchin Rosenman LLP**

**Defendant Mylan**
Richard K. Herrmann
Mary B. Matterer
**Morris James LLP**
500 Delaware, Suite 1500
Wilmington, DE 19801-1494
mmatterer@morrisjames.com
rherrmann@morrisjames.com

Edgar H. Haug
Robert E. Colletti
Richard E. Parke
**Frommer Lawrence & Haug LLP**
745 Fifth Avenue
New York, NY 10151
ehaug@flhlaw.com
rcolletti@flhlaw.com
rparke@flhlaw.com

**Defendant Teva**
Karen L. Pascale
Karen E. Keller
**Young, Conaway, Stargatt & Taylor**
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19899-0391
kpascale@ycst.com
kkeller@ycst.com

James Galbraith
Antony Pfeffer
Peter L. Giunta

RLF1 6024374v. 1

525 W. Monroe Street
Chicago, IL 60661
Eric.cohen@kattenlaw.com
Jeremy.daniel@kattenlaw.com

**Kenyon & Kenyon LLP**
One Broadway
New York, NY 10004-1007
jgalbraith@kenyon.com
APfeffer@kenyon.com
pgiunta@kenyon.com

*/s/ Jaclyn C. Levy*
Jaclyn C. Levy (#5631)
levy@rlf.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on June 29, 2012, I electronically filed the foregoing document with the Clerk of Court using CM/ECF, which will send notification of such filing(s), and have sent a true and correct copy by electronic mail to the following:

**<u>Defendant Apotex</u>**
Richard L. Horwitz
David E. Moore
**Potter Anderson & Corroon LLP**
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
rhorwitz@potteranderson.com
dmoore@potteranderson.com

Steven E. Feldman
Hartwell P. Morse, III
Louise T. Walsh
Sherry L. Rollo
Philip D. Segrest
**Husch Blackwell LLP**
120 S. Riverside Plaza – Suite 2200
Chicago, IL 60606
Steven.feldman@huschblackwell.com
Hartwell.morse@huschblackwell.com
Louise.walsh@huschblackwell.com
Sherry.rollo@huschblackwell.com
segrest@huschblackwell.com

**<u>Defendant Mylan</u>**
Richard K. Herrmann
Mary B. Matterer
**Morris James LLP**
500 Delaware, Suite 1500
Wilmington, DE 19801-1494
mmatterer@morrisjames.com
rherrmann@morrisjames.com

Edgar H. Haug
Robert E. Colletti
Richard E. Parke
**Frommer Lawrence & Haug LLP**
745 Fifth Avenue
New York, NY 10151
ehaug@flhlaw.com
rcolletti@flhlaw.com
rparke@flhlaw.com

**<u>Defendant Sun Pharma</u>**
John C. Phillips, Jr.
Megan C. Haney
**Phillips, Goldman & Spence, P.A.**
1200 North Broom Street
Wilmington, DE 19806
jcp@pgslaw.com
mch@pgslaw.com

Eric C. Cohen
Jeremy C. Daniel
**Katten Muchin Rosenman LLP**

**<u>Defendant Teva</u>**
Karen L. Pascale
Karen E. Keller
**Young, Conaway, Stargatt & Taylor**
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19899-0391
kpascale@ycst.com
kkeller@ycst.com

James Galbraith
Antony Pfeffer
Peter L. Giunta

525 W. Monroe Street
Chicago, IL 60661
Eric.cohen@kattenlaw.com
Jeremy.daniel@kattenlaw.com

**Kenyon & Kenyon LLP**
One Broadway
New York, NY 10004-1007
jgalbraith@kenyon.com
APfeffer@kenyon.com
pgiunta@kenyon.com


                    */s/ Jaclyn C. Levy*
         Jaclyn C. Levy (#5631)
         levy@rlf.com

RLF1 6024374v. 1