

RICHARDS
LAYTON &
FINGER

Attorneys at Law

Frederick L. Cottrell, III
Director
302-651-7509
Cottrell@rlf.com

February 15, 2013

**VIA ELECTRONIC FILING**

The Honorable Leonard P. Stark
United States District Court, District of Delaware
J. Caleb Boggs Federal Building
844 North King Street, Room 6100
Wilmington, Delaware 19801-3556

           Re:    *Warner Chilcott Co., LLC, et al. v. Teva Pharmaceuticals, et al.*,
                   C.A. No. 08-627-LPS (consolidated)

Dear Judge Stark:

      I am writing as counsel for Warner Chilcott Co., LLC and Hoffmann-La Roche Inc. ("Plaintiffs") in the above-referenced action, in response to the February 8, 2013 letter of Richard Horwitz (D.I. 394), regarding Judge Chesler's denial of Hoffmann-La Roche Inc.'s motion for reconsideration of the grant of summary judgment of invalidity for obviousness in *Hoffmann-La Roche Inc. v. Apotex, Inc.*, Case 2:07-cv-04417-SRC-CLW, and related cases, in the District of New Jersey ("New Jersey Action"). Despite Apotex's suggestion to the contrary, Judge Chesler's denial of Roche's motion for reconsideration is not dispositive in the matter before this Court and, indeed, nothing in Judge Chesler's most recent decision changes the fact that Defendants' motion for summary judgment of invalidity for obviousness in the instant action should be denied.

      First, unlike in the New Jersey Action, the Federal Circuit's opinion is not binding in this matter. Therefore, Judge Chesler's criticism of the New Jersey plaintiffs' "puzzling" reliance on Judge Newman's dissenting opinion is simply not relevant here; this Court is free to consider any opinion, including those set forth in Judge Newman's well-reasoned dissent, in reaching its independent decision regarding Defendants' motions for summary judgment in the case before this Court.

      Second, with all due respect to Judge Chesler, as was pointed out by Plaintiffs during oral argument in this matter and as Judge Newman's dissenting opinion properly suggests, Judge Chesler applied the wrong legal standard in granting the New Jersey Action defendants' motion for summary judgment, and continues to apply the wrong legal standard in denying Roche's motion for reconsideration of that denial. As the Federal Circuit has made clear, when there are genuinely disputed issues of material fact, such issues should not be decided by summary judgment. *See TriMed, Inc. v. Stryker Corp.*, 608 F.3d 1333, 1339 (Fed. Cir. 2010); Fed. R. Civ. P. 56(c).

■ ■ ■

One Rodney Square ■ 920 North King Street ■ Wilmington, DE 19801 ■ Phone: 302-651-7700 ■ Fax: 302-651-7701

www.rlf.com

The Honorable Leonard P. Stark
February 15, 2013
Page 2

      In the present case, Plaintiffs' three experts vigorously contradict Defendants' lone expert on both the interpretation of the prior art and the conclusions that would have been reached by persons of ordinary skill at the time of the invention based on that prior art. *See, e.g.*, Pls.' Opp. Br., D.I. 353, at 20. In determining summary judgment, the declarations of Plaintiffs' experts must be viewed in a light most favorable to Plaintiffs, as the non-moving party. *See Enzo Biochem, Inc. v. Applera Corp.*, 599 F.3d 1325, 1338 (Fed. Cir. 2010), *cert. denied*, 131 S. Ct. 3020 (2011). Where, as here, the parties' experts disagree as to the scope and meaning of prior art, summary judgment is not appropriate. *B-K Lighting, Inc. v. Fresno Valves & Castings, Inc.*, 375 F. App'x 28, 32 (Fed. Cir. 2010); *see also Source Search Techs., LLC v. LendingTree, LLC*, 588 F.3d 1063, 1071 (Fed. Cir. 2009) (summary judgment is inappropriate where the meaning of the prior art is in genuine and material dispute).

      Judge Chesler's latest opinion in the New Jersey action does nothing to change the circumstances in the case before this Court: The competing expert testimony and resulting genuinely disputed issues of material fact render summary judgment inappropriate here, and those disputed issues can only appropriately be resolved by a trial on the merits. Plaintiffs therefore respectfully submit that the portions of Judge Chesler's recent decision relied upon by Apotex in its letter change nothing in the present case; summary judgment is still not appropriate and Defendants' motion for summary judgment of invalidity for obviousness should be denied.

Respectfully,

*/s/ Frederick L. Cottrell, III*

Frederick L. Cottrell, III

cc:    Clerk of the Court (via Hand Delivery)
       Counsel of Record (via Electronic Mail)